DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, the Marin Gallon Trust ("trust") and Barbara Scouten, trustee of the trust, appeal the judgment of the Lucas County Court of Common Pleas awarding appellee, Jack Gallon, summary judgment on his claim for judgment on two promissory notes executed by the trust.
 {¶ 2} According to evidence filed on appellee's motion for summary judgment and in opposition, appellee and Marin Gallon were married in May 1997. In August *Page 2 
1997, appellee executed a quit claim deed of a 16 unit apartment building, Goodhue apartments, to Marin Gallon. Marin Gallon then executed a quit claim deed of the apartments to the Marin Gallon Trust. Scouten was, throughout, a trustee for the trust. Robin Lombardo, appellee's personal bookkeeper, maintained the checking accounts for the apartments, including receiving deposits and signing checks for maintenance.
 {¶ 3} Appellee filed his complaint against the trust and Scouten alleging nonpayment of three loans. Scouten, as trustee, executed two promissory notes to secure two of the loans. The first note, dated September 11, 1997, was in the amount of $50,000 ("first loan"). It explicitly provides for payment of interest at the rate of eight percent per annum. The second note, dated July 9, 1999, was in the amount of $30,000 ("second loan"). It includes no provision for interest. The third loan, as alleged by appellee, was made on June 29, 2000, in the amount of $10,000 ("third loan"). Appellee alleged that no payments were made on any of the loans and the outstanding balance due for all the loans totaled $135,600, plus interest.
 {¶ 4} The promissory notes executed by Scouten evidencing the first and second loans were submitted on summary judgment. The evidence appellee submitted evidencing the third loan consists of the affidavit of Robin Lombardo, appellant's personal bookkeeper. Attached is a personal check from appellee's personal account to "Goodhue Apartments" on June 29, 2000, for $10,000. The check's memo line reads, "loan." Also attached is a promissory note which provides that the "Marin Gallon Trust d/b/a/ Goodhue Apartments promises to pay to the order of Jack Gallon $10,000.00. *Page 3 
Value received." It contains a due date of June 2003, does not provide for the payment of interest, and was not signed by Scouten.
 {¶ 5} Appellants contended that no consideration was given for the notes and that appellee controlled both sides of the transactions. In support, Scouten submitted an affidavit stating that no payments were made on the notes because they were "presented" to her (by a person not named) "with the explanation" that the notes were for "tax purposes" and that "nothing of value" was received for it. She also submitted a checking account "register report" spanning over a decade, compiled by Lombardo, which, she averred, was the only bank account for the trust.
 {¶ 6} With respect to the third loan, Scouten averred that she had "no information whatsoever" with respect to the "claimed loan." Marin Gallon submitted an affidavit containing nearly identical information to Scouten's. The trial court granted summary judgment to appellee on his claims for the first and second loan, but found a genuine issue of material fact with respect to appellants' liability for the third loan. From that judgment, appellants appealed and have submitted three assignments of error for review:
 {¶ 7} "1. The trial court erred as a matter of law in granting Plaintiffs Motion for Summary Judgment because O.R.C. 1303.33(B) requires consideration to support a claim by the payee of a Promissory note, the Court recognized the Defendant's contention that there was no consideration for the Promissory notes and the Court made no finding with respect to consideration. *Page 4 
 {¶ 8} "2. The trial court erred as a matter of law in granting Plaintiffs Motion for Summary Judgment because (a) genuine issues of material fact are remaining to be litigated, (b) it did not view the evidence most strongly in favor of Defendant, (c) Plaintiff is not entitled to judgment as a matter of law, and (d) based on the evidence, reasonable minds could conclude that Plaintiff is not entitled to judgment and/or not entitled to judgment in the amount granted.
 {¶ 9} "3. The trial court erred as a matter of law in granting Plaintiffs Motion for Summary Judgment because the Court of Common Pleas of Lucas County, Ohio, Domestic Relations Division, in the case of Jack E. Gallon v. Marvin R. Gallon, No. DR2001-0687 on June 3, 2002, (after the execution of the notes which are the subject of this case) found that the parties had made a division of their respective property rights between themselves at the time of their separation and divided the properties in accordance therewith."
 {¶ 10} The appellate court reviews a grant of summary judgment de novo, standing in the shoes of the trial court. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment may only be granted when there remains no genuine issue of material fact and, when construing the evidence in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). See, also, Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. In a motion for summary judgment, the moving party bears the initial burden of demonstrating that there are no genuine issues of material facts *Page 5 
regarding an essential element of the nonmoving party's case.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292.
 {¶ 11} We consider the first two assignments of error jointly. Appellants' argument focuses on the fact that Lombardo, appellee's personal bookkeeper, controlled the bank accounts for the apartments, writing all checks payable and depositing all receipts. The notes could not represent "legitimate obligations," appellants argue, because then Lombardo would have made the payments called for by the notes. In effect, they demand an explanation from appellee as to why payments were not made on the trust's behalf on notes for which the trust was liable.
 {¶ 12} R.C. 1303.33, which appellants cite in support, provides:
 {¶ 13} "(A) An instrument is issued or transferred for value if any of the following apply:
 {¶ 14} "(1) The instrument is issued or transferred for a promise of performance, to the extent the promise has been performed.
 {¶ 15} "* * *
 {¶ 16} "(B) `Consideration' means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed. If an instrument is issued for value as stated in division (A) of this section, the instrument is also issued for consideration." *Page 6 
 {¶ 17} "The law presumes the existence of a consideration for a promissory note, and this presumption continues until it is shown that there was none; and the burden of showing this is on the party attacking the note for want of consideration." Dalrymple v. Wyker (1899),60 Ohio St. 108, paragraph three of the syllabus. Appellants argue that no consideration exists because they have not performed and appellee must have waived performance. This argument has no merit. Appellee gave consideration; the affidavits and documents submitted demonstrate that appellee deposited the full amount of each of two promissory notes into the trust's account. If appellee had not performed or had not fully performed, then appellants could assert lack of consideration as a defense because then they would not be liable for the full amount of the note.
 {¶ 18} Appellants also gave consideration in the form of the promise to pay. It is axiomatic that courts are not required to inquire into the adequacy of the consideration; the existence of some benefit or detriment to the promisor or promise is sufficient. Ford v. TandyTransp., Inc. (1993) 86 Ohio App.3d 364, 384. Scouten, acting for the trust, by executing the promissory note, gave a promise to its detriment — that performance would be due, eventually, whether or not that was but a possibility of the mind. Although appellants may have mistakenly assumed it was not their responsibility to ascertain that timely payments were made towards the note, the assumption was to their detriment after the promise to pay was made. Summary judgment on appellee's claims for the first two loans was therefore appropriate. Appellants' first two assignments of error, with respect to liability for the notes, are without merit and are not well-taken. *Page 7 
 {¶ 19} Next, appellants point to Marin and Jack Gallon's final judgment entry of divorce, attached to Gallon's affidavit, and appellee's deposition taken during property settlement negotiations. The judgment entry of divorce contains a division of personal property; appellee received "all notes and loans receivable" of his. The entry also contains an indemnity clause, which provides that each party "shall pay any indebtedness, expenses and obligations associated with any of the foregoing personal property awarded to said party, and that said party shall indemnify and save harmless the other party from said indebtedness, expenses and obligations." Each party also agreed to pay all debts, obligations, and liabilities incurred by each party who incurred them, and an agreement to indemnify the other for those debts.
 {¶ 20} In appellee's deposition taken during property settlement negotiations, he denied having possession of any notes. This does not affect, however, the fact that "all notes" were listed as appellee's property in the judgment entry of divorce. Further, the indemnity clause has no effect; Scouten, in her capacity as trustee for the trust, executed the promissory notes, not Marin Gallon. For those reasons, appellants' third assignment of error is not well-taken.
 {¶ 21} Appellants also raise an issue with respect to the amount of interest due. They contend that the trial court, in awarding judgment, also awarded interest on each of the loans without acknowledging that one note does not provide for any interest.
 {¶ 22} R.C. 1303.12 governs when interest may accumulate on promissory notes. It states: *Page 8 
 {¶ 23} "(A) Unless otherwise provided in the instrument, both of the following apply:
 {¶ 24} "(1) An instrument is not payable with interest.
 {¶ 25} "(2) Interest on an interest-bearing instrument is payable from the date of the instrument." R.C. 1303.12(A).
 {¶ 26} The first promissory note explicitly provides for interest at the rate of eight percent per year. An amortization schedule attached to the note demonstrates the accumulation of interest. The second promissory note, however, contains no provision for the payment of interest. The amortization schedule attached to the second note states that interest accumulates at the rate of zero percent and shows no accumulation of interest. The trial court entered summary judgment on both promissory notes with interest accumulated at the rate of eight percent on each note, for a total amount due of $122,000. This corresponds to the table set forth in Lombardo's affidavit, calculating interest accumulated on the second promissory note in the amount of $13,000. Therefore, we must reverse and remand for the limited purpose of recalculating the amount of interest due and owing to appellee under the second note. Since it contains no provision for interest, no interest on the second note should have been included in the judgment.
 {¶ 27} The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. The case is remanded back to the trial court for the limited purpose of calculating the proper amount of interest due on the notes, consistent with our decision herein. Appellants are ordered to pay the costs of this appeal pursuant to App.R. *Page 9 
24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., William J. Skow, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1