[Cite as *Harvest Land Co-Op, Inc. v. Hora*, 2012-Ohio-5915.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| HARVEST LAND CO-OP, INC. | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25068 |
| vs. | : | T.C. CASE NO. 2010 CV 02284 |
| FRANKIE J. HORA, ET AL. | : | (Appeal from the Common Pleas Court) |
| Defendant-Appellants | : | |

. . . . . . . . .

# O P I N I O N

Rendered on the 14th day of December, 2012.

. . . . . . . . .

Ray A. Cox, Atty. Reg. No. 0011711, 265 Regency Ridge Drive, Dayton, Ohio 45459
        Attorney for Plaintiff-Appellee

Thomas Dineen, Atty. Reg. No. 0037727, 683 Miamisburg-Centerville Road, Dayton, Ohio 45459
        Attorney for Defendant-Appellants

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This matter is before the court on a notice of appeal filed by Defendants Frankie J. And Mary D. Hora, on March 9, 2012. The present appeal, Case No. 25068, is the second appeal in this litigation. The first appeal, Case No. 24718, was dismissed for lack of a final order on September 23, 2011.

{¶ 2} Plaintiff Harvest Land Co-Op, Inc. ("Harvest Land") is an agricultural cooperative. Defendant Frankie J. Hora is a farmer and has been a member of the Harvest Land cooperative since 2006. Hora purchased agricultural products and services from Harvest Land during that time, and he maintained an account with Harvest Land for that purpose. Sometime in 2009, Hora fell into arrears in paying the account. In March of 2009, Frankie Hora paid Harvest Land $21,089.91 on the account. Hora and his wife, Mary D. Hora, also gave Harvest Land a promissory note for $100,000.00.

{¶ 3} On March 16, 2010, Plaintiff Harvest Land filed a complaint alleging that the Horas had defaulted on the promissory note in the amount of $100,000.00 made payable to Harvest Land, and that the sum of $100,787.26, plus interest, was due, owing, and unpaid. Harvest Land also alleged that the promissory note "memorialized" a delinquent debt on an account the Horas previously owed.

{¶ 4} A copy of the alleged promissory note was attached to Harvest Land's complaint. The note requires the Horas to pay the face amount of $100,000.00, plus interest at the rate of eight percent per annum, in monthly payments of $3,133.64, beginning May 1, 2009. The note further provides that interest charges at the rate of 21 percent per annum will accrue after the date of maturity until the amounts due and owing are paid in full, plus attorney's fees and costs of collection.

{¶ 5} After obtaining leave of court, the Horas filed an amended answer and counterclaim. After denying certain allegations on Harvest Land's complaint, the Horas admitted Harvest Land's allegation that their promissory note memorialized a delinquent debt and that they failed to make all payments due on the note, alleging that their failure was due to

Harvest Land's wrongful conduct. The Horas also admitted that Harvest Land expected to be paid for agricultural products it sold to the Horas that were <u>not</u> defective. The Horas also admitted that they failed to pay for certain agricultural products which failed to perform as represented by Harvest Land, but denied that they owed $100,000.00 plus interest on the note.

{¶ 6} The Horas' counterclaim alleged breaches of their contracts by Harvest Land in five separate causes of action and claims for unjust enrichment in two causes of action. The Horas also asked for an accounting of payments they made and services they provided Harvest Land.

{¶ 7} The matter was referred to a magistrate. Following hearings, the magistrate filed a decision on November 15, 2010, granting Harvest Land summary judgment on its claim for relief on the promissory note. The magistrate rejected the Horas' claim that their promissory note is unenforceable for lack of consideration. The magistrate held that the promissory note is an instrument for value, and therefore does not lack consideration, because it was issued by the Horas as payment of, or as security for, an antecedent claim against Frank Hora for the balance due on his account with Harvest Land. R.C. 1303.33(A)(3). The magistrate further found that the Horas failed to bear their burden to rebut the presumption of the existence of consideration for a promissory note. *Gallon v. Scouten, Trustee*, 6th Dist. Lucas No. L-06-1168, 2007-Ohio-2957 (citing *Dalrymple v. Wyker*, 60 Ohio St. 108 (1899)). Accordingly, the magistrate granted judgment for Harvest Land in the amount of $106,876.15, plus per diem interest. The magistrate further held that the summary judgment for Harvest Land rendered moot the Horas' claims for unjust enrichment and breach of contract.

**{¶ 8}** The Horas filed objections to the magistrate's decision. Before those objections were ruled upon by the trial court, the magistrate filed a second decision on January 14, 2011, granting summary judgment for Harvest Land on the Horas' counterclaims for breach of contract and unjust enrichment. No objections were filed to that decision, which on July 7, 2011 was adopted by the trial court as its own order.

**{¶ 9}** On August 1, 2011, the magistrate filed a third decision, awarding Harvest Land a judgment for $25,062.50 on its claim for attorney's fees. Objections to that decision were filed by both Harvest Land and the Horas.

**{¶ 10}** On February 6, 2012, the trial court overruled the objections the Horas filed to the summary judgment for Harvest Land in the amount of $106,876.15, plus interest, and the court adopted the magistrate's decision on that matter as the court's order. The court also overruled the objections the parties filed to the magistrate's decision with respect to attorneys fees for lack of a transcript.

**{¶ 11}** On March 9, 2012, the Horas filed a notice of appeal from the trial court's final order of February 6, 2012. Harvest Land filed a notice of cross-appeal from that same final order.

THE HORAS' APPEAL

**{¶ 12}** First assignment of error:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS IN GRANTING SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST."

**{¶ 13}** Issue number one:

"The trial court erred in granting summary judgment because genuine issues of material fact exist as to whether Appellee's forbearance of suit supplied the necessary consideration for the promissory note."

{¶ 14} Consideration, meaning that which is bargained for and given in exchange for a promise, is a necessary element of a binding contract, and the absence of consideration precludes the formation of a valid contract. 17 Ohio Jurisprudence 3d, Contracts, § 39. The consideration for a contract need not necessarily be recited or expressed in writing; instead, the consideration may be proved by parol evidence or may be inferred from the terms and obvious import of the contract. *Id,* § 40.

{¶ 15} Valid consideration may consist of either a benefit to the promisor or a detriment to the promisee. *Lake Land Emp. Group of Akron, LLC v. Columber,* 101 Ohio St.3d 242, 2004-Ohio-786, 804 N.E.2d 27. A benefit may consist of some right, interest, or profit accruing to the promisor while a detriment may consist of the promisee's forbearance, loss, or acceptance of responsibility. *Id.*

{¶ 16} Any detriment consisting of some forbearance by the promisee will support a promise. *Crocker v. Hood,* 113 Ohio App.3d 478, 681 N.E.2d 460 (9th Dist. 1996). There is, therefore, consideration on the part of the promisee who refrains from doing anything that he or she has the right to do whether or not there is any actual benefit to the promisor. *Gruber v. Chesapeake & Ohio Ry.Co.,* 158 F.Supp. 593 (N.D. Ohio 1957). Forbearance on the part of one party to enforce a legal right, or a waiver of the same, may constitute consideration. *Id.*

The law presumes the existence of a consideration for a promissory note; and this presumption continues until it is shown that there was none; and the burden of showing this is on the party attacking the note for want of consideration. *Dalrymple v. Wyker*, 60 Ohio St. 108, 53 N.E. 713(1899).

{¶ 17} The Horas moved for summary judgment and opposed Harvest Land's motion for partial summary judgment on its claim for the amounts allegedly due, owing, and unpaid on the promissory note, relying on the Horas'own affidavits asserting that they did not sign the promissory note to avoid collection and did not agree that the account balance would serve as consideration for the promissory note. However, those assertions do not foreclose Harvest Land's claim that it accepted the promissory note in forbearance of its right to collect the amount due, owing, and unpaid on Frankie Hora's account. Therefore, the evidence the Horas offered fails to contain operative facts that rebut the presumption of consideration afforded a promissory note. *Dalrymple.*

{¶ 18} Issue number two.
"The trial court erred in considering the affidavit of Dan Bourne for summary judgment purposes."

{¶ 19} Harvest Land relied on the affidavit of its credit manager, Dan Bourne, in opposition to the aforesaid affidavits of Frank and Mary Hora. Bourne averred:

> 4. At the request of Defendants, and relying upon Defendants' agricultural financial statement and to avoid collection by Plaintiff, Defendants paid $21,089.81, and executed a promissory note in the amount of $100,000.00, payable at $3,133.64 per month, beginning

May 1, 2009, and continuing on the first of each month thereafter until paid in full. Said note provided that in the event of default Defendants would pay 21% per annum on any delinquent amount and be responsible for collection costs and attorney fees.

{¶ 20} The Horas argue that Bourne's affidavit is parol evidence which may not be offered to prove the intentions of the parties. However, as we pointed out above, parol evidence may be offered to prove the consideration given in exchange for a promissory note.

{¶ 21} The Horas also argue that Bourne's affidavit fails to comply with Civ.R. 56 and 803(6) regarding business records. Even if the Horas are correct, they suffered no prejudice in any reliance the court may have placed on Bourne's affidavit. It was offered in opposition to the Horas' affidavits, but they were insufficient to rebut the presumption of consideration offered a promissory note. Therefore, Bourne's affidavit was immaterial to the determination concerning consideration the court was required to make.

{¶ 22} Issue number three:

"A genuine issue of material fact exist (sic) as to whether the promissory note was given as security for antecedent debt."

{¶ 23} Again, the issue is not limited to whether the promissory note was given by the Horas as security for or payment of an antecedent claim, but also, and in the alternative, whether Harvest Land accepted the promissory note in consideration of its forbearance in collecting the amounts it was due.

{¶ 24} Consideration may be inferred from the terms and obvious import of a contract. There was an antecedent debt owed Harvest Land by Frankie Hora in an amount that, after a

payment of $21,089.91, corresponds to the face amount of the promissory note the Horas gave Harvest Land. Harvest Land admitted that the note "memorialized" the delinquent debt. Because consideration for a promissory note is presumed, there is no genuine issue of material fact but that the promissory note was accepted by the promisee, Harvest Land, in forbearance of its right to collect the antecedent debt through legal process, a detriment to Harvest Land's right that constitutes valuable consideration. The Horas point to no evidence of any different explanation for Harvest Land's purpose in accepting their promissory note.

{¶ 25} The first assignment of error is overruled.

{¶ 26} Second assignment of error:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS AND ABUSED ITS DISCRETION IN ADMITTING INTO EVIDENCE THE AFFIDAVIT OF JARED MARTIN IN SUPPORT OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶ 27} Issue number one:

"The affidavit of Jared Martin should not have been admitted into evidence because it was false and was not based on personal knowledge. It did not affirmatively show that the affiant was competent to testify to the matters stated therein."

{¶ 28} Harvest Land, in opposition to the Horas' motion for summary judgment on the issue of consideration, filed an affidavit of Jared D. Martin, stating:

Jared D. Martin, being first duly sworn on oath, deposes and says:

1. I am the Financial Analyst for Harvest Land Co-Op., Inc., and have personal knowledge of the facts herein.

2. Upon receipt of a promissory note in the amount of $100,000.00 made by Defendants, and consistent with internal accounting procedures, I moved Defendants' balance from open account #27709 to a Notes Receivable account #1251.

3. The standard accounting procedure at Harvest Land Co-Op., Inc., for transferring open account balances to a promissory note is:

a) adjusting ticket debiting general ledger account #1251, Notes Receivable, on Harvest Land's balance sheet and crediting customer's open account for a like amount.

b) upon payment, cash ticket is applied as a credit to general ledger account #1251, Notes Receivable, in order to relieve the balance of the note on Harvest Land's balance sheet.

4. On March 25, 2009, we credited the Defendants' account #27709, $100,000.00 on an adjustment ticket that debited general ledger code #1251, Notes Receivable, on Harvest Land's balance sheet.

5. On May 20, 2009, we applied $3,133.64 as a credit on a cash ticket using item number #1251 which is driven to general ledger code #1251, reducing the Defendants' $100,000.00 debit balance.

6. In sum, and according to Harvest Land and good accounting practices, upon receipt of $100,000.00 promissory note, we credited the open account to a zero balance, and debited the promissory note account by the same amount. One payment of $3,133.64 has been credited to the promissory note account.

Further Affiant saith naught. (Emphasis added).

{¶ 29} Jared Martin was deposed on October 18, 2010. After he explained the process described in his affidavit, Martin was asked the following question and gave the following response at page 11 of the transcript of his deposition:

Q. Who directed you to do that in the case of Mr. Hora?

A. I individually did not make that transaction. I was asked what it was, and so I looked up the process. I was asked by Dan Bourne, and so I physically looked up the process, looked up the tickets, and I'm aware of the procedures, but I physically did not take that and put it on to a note. I physically did not make those transactions.

{¶ 30} At page 13 of his deposition, Jared Martin stated that he supervises no employees who directly report to him.

{¶ 31} The magistrate's decision finding that the promissory note was given in payment for an antecedent claim, and therefore was issued for value, R.C. 1303.33(A)(3), was filed on November 15, 2010. The deposition of Jared Martin was filed by the Horas the following day, November 16, 2010. They filed objections to the magistrate's decision on November 29, 2010. One of their objections was that Jared Martin's affidavit was untruthful because, as his deposition demonstrates, he did not personally enter the credit against the Horas' debt on an account, which his affidavit statement ("I moved Defendants' balance from open account #27709 to a Notes Receivable account #1251") purports. The Horas also objected that Jared Martin's affidavit reference ("we credited the Defendants' account #27709") is false inasmuch as no employees report to him for whom he can thus speak.

{¶ 32} The trial court overruled the Horas' various objections to the magistrate's decision and adopted that decision as the court's order on February 6, 2012. The court did not specifically rule on the objections concerning Jared Martin's affidavit. The Horas renew those arguments in support of the error they assign.

{¶ 33} Jared Martin's deposition was taken on October 18, 2010, yet the Horas did not file a copy of his deposition until November 16, 2010, one day after the magistrate's decision was filed. The magistrate therefore could not have taken into consideration the alleged discrepancies between Jared Martin's affidavit and his deposition.

{¶ 34} The trial court could have considered Jared Martin's affidavit as "additional evidence" pursuant to Civ.R. 53(D)(4)(b) when ruling on the Horas' objections. The court appears to have exercised its discretion to not do that when it overruled the objections. However, even had the court considered and rejected the Horas' claim that Jared Martin's affidavit was "false" in the several respects alleged, we would find no error. Martin's affidavit demonstrated the basis for and his personal knowledge of the facts his affidavit averred. Whether he or an employee who reported to him actually made the accounting entries concerned is a matter which is immaterial to the probative value of his affidavit.

{¶ 35} Issue number two:

"The affidavit of Jared Martin attached to Appellee's reply brief should not have been admitted into evidence by the trial court because sworn or certified copies of all papers or parts of papers referred to in the affidavit which it purported to authenticate were not attached to or served with the affidavit as required by Civil Rule 56(E)."

{¶ 36} Civ.R. 56(E) provides that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." The required copies of the records to which Jared Martin referred in his affidavit were not attached to it, rendering the affidavit inadmissible. However, Martin's affidavit, like Dan Bourne's, was not required to rebut the affidavits the Horas filed, which themselves failed to rebut the presumption of consideration that attached to the promissory note. Therefore, any error in admitting Jared Martin's affidavit in evidence was harmless.

{¶ 37} Issue number three:

"The affidavit of Jared Martin should not have been admitted into evidence by the trial court because Appellee failed to qualify the affidavit as a hearsay exception (record of regularly conducted business activity)."

{¶ 38} The Horas argue that Jared Martin's affidavit fails to satisfy Evid.R. 803(6), which authorizes the introduction of business records, because Jared Martin did not aver in his affidavit that the records he examined are kept and maintained in the regular course of business, or that he is the custodian of such records or that they were prepared under his supervision.

{¶ 39} Evid.R. 803(6) is in substantial conformity with R.C. 2317.40, the Uniform Business Records as Evidence Act, which provides, in pertinent part:

A record of an act, condition, or event, in so far as is competent evidence if the

custodian or the person who made such record or under whose supervision such

record was made testifies to its identity and the mode of its preparation, and if

it was made in the regular course of business, at or near the time of the act,

condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission.

{¶ 40} Harvest Land did not rely on Jared Martin's affidavit to offer any records in evidence. Further, in its substance, the affidavit is a statement of Jared Martin's first-hand knowledge which he acquired by perceiving a fact or facts through one or more of his five senses. Evid.R. 602. Those facts are the entries on the books of Harvest Land of which he has personal knowledge. Those facts were not offered to prove the repetitiveness and routineness of a record-keeping function, from which a fact may be inferred, but was instead offered to prove the existence of a positive fact itself based on Jared Martin's personal knowledge. No foundational authentication is required for a matter of which a witness has personal knowledge.

{¶ 41} The second assignment of error is overruled.

{¶ 42} Third assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF DEFENDANTS IN REFUSING TO CONSIDER APPELLANTS' COUNTERCLAIM ON AN ACCOUNT."

{¶ 43} Issue number one:

"Appellants are entitled to recover on their counterclaim on an account to defeat or reduce Appellee's recovery on the promissory note."

{¶ 44} In a decision filed on November 15, 2010, awarding Harvest Land a money judgment on the Horas' promissory note, the magistrate found that the judgment rendered

moot the Horas' counterclaim for an accounting on their underlying account with Harvest Land. The magistrate concluded that the judgment in favor of Harvest Land's claim arising from the promissory note necessarily extinguished the Horas' right of action for an accounting on their underlying account.

{¶ 45} The Horas filed an objection to the magistrate's decision concerning their claim for an accounting. The trial court addressed that objection in its February 6, 2012 order overruling the Horas' objections and adopting the magistrate's decision. The court agreed with the magistrate that the promissory note, being a negotiable instrument per R.C. 1303.03(A), operated to extinguish the Horas' obligation on their account with Harvest Land and, therefore, their right to an accounting.

{¶ 46} "Account" may be defined as an unsettled claim or demand by one person against another, based upon a transaction creating a debtor and creditor relation between the parties which is usually but not necessarily represented by an *ex parte* record kept by one or both of them. *American Security Service, Inc. V. Baumann,* 32 Ohio App.2d 237, 289 N.E.2d 373 (10th Dist. 1972). A novation is created where a previous valid obligation is extinguished and a new valid contract is substituted in its place based on valid consideration, with the consent of the parties. *Gray Printing Co. V. Blushing Brides, LLC,* 10th Dist. Franklin No. 05AP-646, 2006-Ohio-1656.

{¶ 47} In *Blushing Brides*, the Tenth District held that a promissory note given to secure payments due and owing on an open account was not a novation that extinguished the debtor's obligation on the account because the promissory note made no mention of discharging any liability on the account. *Id.,* § 32. The promissory note at issue in the

present case likewise makes no mention of discharging any liability of the Horas on their account with Harvest Land.

{¶ 48} In its complaint, after alleging the existence of an account, Harvest Land alleged that the promissory note "memorialized this delinquent debt" owed Harvest Land, and the Horas admitted that allegation in their amended answer. Memorialization may prove that the note was given in consideration because it was issued as security for the debt. R.C. 1303.33(A)(3). But, such security does not necessarily extinguish the debt secured. Further, the court could not rely on the affidavit of Jared Martin to find that the promissory note extinguished the antecedent debt, because Martin's affidavit failed to comply with Civ.R. 56(E).

> A cause of action upon a promissory note and a cause of action to recover on the original consideration of the same note, when it does not appear that the note was given in payment of the debt, are separate, distinct and consistent causes of action growing out of the same transaction. Neither is a fictitious cause of action, although the plaintiff can have but one recovery.

*Dick v. Hyer,* 94 Ohio St. 351, 114 N.E. 251 (1916), paragraph one of the Syllabus by the Court.

{¶ 49} The trial court erred when it held that the Horas' counterclaim for an accounting was rendered moot by the money judgment awarded Harvest Land on its claim arising from the promissory note. The action for an accounting functions as a defense to the amount owed on the promissory note, because both arise from the same transaction or transactions. The Horas are entitled to a set-off from the money judgment for Harvest Land

any sums which the Horas claim for an accounting demonstrates they are entitled.  *Summers v. Connolly*, 159 Ohio St. 396, 112 N.E.2d 391 (1953).

{¶ 50}  Issue number two:

"The Magistrate lacked jurisdiction to enter an order terminating Defendants' cause of action on an account."

{¶ 51}  Issue number three:

"The Magistrate lacked jurisdiction to grant Appellee's Motion In Limine."

{¶ 52}  The error assigned with respect to issues two and three are rendered moot by our decision with respect to issue number one.

{¶ 53}  The third assignment of error is sustained.

{¶ 54}  Fourth assignment of error:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS AND ABUSED ITS DISCRETION IN DENYING DEFENDANTS' MOTION TO COMPEL DISCOVERY ON DEFENDANTS' COUNTERCLAIM ON AN ACCOUNT."

{¶ 55}  The trial court's finding of mootness regarding the Horas' action for an accounting operated to render moot their motion to compel discovery of documents and information relating to their account.  Our decision sustaining the third assignment of error requires us to sustain this assignment of error, as well.  On remand, the court must determine the Horas' motion to compel on its merits.

{¶ 56}  The fourth assignment of error is sustained.

{¶ 57}  Fifth assignment of error:

"THE TRIAL COURT'S JUDGMENT AWARDING ATTORNEY FEES NOT AUTHORIZED BY STATUTE OR THE PROMISSORY NOTE IS CONTRARY TO LAW AND CONSTITUTES AN ABUSE OF DISCRETION."

{¶ 58} Issue number one:

"The trial court erred as a matter of law when it adopted the Decision of the Magistrate rendered while an appeal was pending. The common pleas court lacked jurisdiction at the time the decision was rendered. As such, the Magistrate's decision was a nullity as was the trial court's subsequent adoption of the decision."

{¶ 59} On July 6, 2011, the Horas filed a notice of appeal from the trial court's judgment of June 7, 2011, adopting the magistrate's decision granting Harvest Land's motion for summary judgment on the Horas' counterclaim alleging breach of contract and unjust enrichment. The appeal was docketed as Case No. 24718. On September 23, 2011, we dismissed the appeal for lack of a final order.

{¶ 60} On August 1, 2011, during the pendency of the appeal in Case No. 24718, the magistrate filed a decision awarding Harvest Land attorney's fees. The trial court adopted that decision on February 6, 2012. The Horas argue that because the magistrate lacked jurisdiction to render his decision while the appeal was pending, the decision was a nullity and the trial court was therefore precluded from adopting it as the court's own order pursuant to Civ.R. 53(D)(4).

{¶ 61} Ordinarily, a trial court lacks jurisdiction to adjudicate issues inconsistent with the appellate jurisdiction of the court of appeals to review, affirm, modify, or reverse the final order or judgment from which the appeal was taken. *State ex rel. Special Prosecutors v.*

*Judges, Court of Common Pleas,* 55 Ohio St.2d 94, 378 N.E.2d 162 (1978). The trial court retains jurisdiction over issues not inconsistent with the appellate jurisdiction of the court of appeals, such as collateral issues like contempt, appointment of a receiver, and injunction. *Id.*

{¶ 62} To the extent that the issue of attorney's fees was inconsistent with the issues determined in the final order on review, we would agree that the magistrate lacked jurisdiction to file a decision. However, because the appeal in Case No. 24718 was not from a final order, the jurisdiction of this court was not invoked. The trial court and its magistrate were therefore not deprived of jurisdiction to adjudicate the issues before that court during the pendency of the appeal.

{¶ 63} Issue number two:

"The trial court erred in awarding attorney fees not recoverable under R.C. 1301.21, or agreed to by contract."

{¶ 64} Issue number three:

"The trial court erred as a matter of law in awarding attorney fees not only in conjunction with collecting on the promissory note but the legal services performed in conjunction with Appellants' counterclaims and affirmative defenses."

{¶ 65} The promissory note provides that the Horas are obligated to pay Harvest Land "attorney's fees and costs of collection" of amounts owing and unpaid on the balance due. The magistrate decided that Harvest Land is entitled to an award of $25,062.50 for attorney's fees. The parties both filed objections to that decision. The trial court adopted the magistrate's decision, noting that no transcript of the hearings before the magistrate on the issue of attorney's fees had been filed.

{¶ 66} The Horas concede that Harvest Land is entitled to attorney's fees it incurred in collecting on the note, but not otherwise. They argue that the trial court erred in allowing attorney's fees not limited to that purpose.

{¶ 67} The magistrate decided that attorney's fees Harvest Land incurred in defending against the Horas' counterclaim for breach of contract and unjust enrichment were likewise incurred in collecting amounts due on the promissory note because, at least until the magistrate indicated he would award judgment for Harvest Land on its claim on the promissory note, the issues presented in the counterclaim were in the nature of a defense to Harvest Land's claim for relief. Based on the holding, the magistrate determined that of the total fees of $47,004.31 that Harvest Land's attorney had charged, $33,331.25 was attributable to collection on the promissory note. The magistrate reduced that amount to $24,806.25 on a reasonableness determination. After adding $256.25 expended for filing fees, the magistrate made an attorney's fees award to Harvest Land in the amount of $25,062.50.

{¶ 68} The Horas argue that the trial court erred in adopting the magistrate's decision because the magistrate awarded fees that were "indivisible and inextricably intertwined" with non-collection work, which is demonstrated by "[a] detailed review of the invoices introduced into evidence." The Horas contend that the difficulty is chargeable to Harvest Land because it "was required to maintain billing time records in a manner that would enable a reviewing court to identify distinct claims," citing *Henley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.E.2d 40 (1983).

{¶ 69} The magistrate's decision was filed on August 1, 2011. The Horas filed objections to that decision on August 15, 2011. Harvest Land filed objections on August 24,

2011. On February 6, 2012, noting that no transcript of the hearings the magistrate held on the matter of attorney's fees had been filed or even requested, the trial court overruled the objections and adopted the magistrate's decision, finding no error of law on its face.

{¶ 70} An objection to a magistrate's factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript it not available." Civ.R. 53(D)(3)(b)(iii). A transcript of the hearings before the magistrate was filed on May 8, 2012, three months after the trial court's judgment of February 6, 2012 adopting the magistrate's decision and subsequent to the notice of appeal from the trial court's judgment that the Horas filed on March 2, 2012. Therefore, the transcript is not a part of the record before us in this appeal.

{¶ 71} The Horas' arguments on appeal that the fees awarded were "indivisible and inextricably intertwined" with non-collection work presents issues of fact. Their claim that the billing records on which the court relied are insufficient likewise present a question of fact. Absent a transcript, which is not a part of the record of this appeal, we cannot find that the trial court abused its discretion in overruling the Horas' objections relative to those issues of fact or in adopting the magistrate's decision.

{¶ 72} Issue number four:

"The trial court erred as a matter of law in awarding attorney fees for legal services incurred in conjunction with the collection of the promissory note that were not reasonable."

{¶ 73} The magistrate found that Harvest Land offered in evidence invoices showing payments made to its attorney, Ray A. Cox, between June 22, 2009 and June 28, 2011. The invoices show that a total of 242.5 hours were expended by Attorney Cox, for which he billed

and was paid $51,151.81. Harvest Land's expert, Attorney David A. Rickert, testified that Attorney Cox's $210.00 hourly rate charged for his services was reasonable and that the services he performed were necessary for the prosecution of Harvest Land's claim on the promissory note and to defend against the Horas' counterclaim. After a duplicative invoice for $4,147.50 was discovered, the total of the attorney's fees Harvest Land paid was reduced to $47,004.31.

{¶ 74} The magistrate found that all the legal services performed prior to November 10, 2010, when he announced his decision on Harvest Land's motion for summary judgment on its claim on the promissory note, whether for the purpose of prosecuting that claim or defending against the Horas' counterclaim, were "indivisible and inextricably intertwined." The magistrate therefore included the amounts paid for those services in his award of attorney's fees. However, with respect to fees billed and paid for services performed after November 10, 2012, the magistrate distinguished between those pertaining to collections on the promissory note and those expended to defend against the counterclaim, which the magistrate disallowed.

{¶ 75} Certain of the invoices for services performed after November 10, 2010, were for "various telephone calls," and it was not entirely clear what the purpose of those calls were; whether in connection with the collection work or to defend the counterclaim. The magistrate allocated those amounts to collection efforts, to the extent that was reflected by the invoice.

{¶ 76} After separating the services and fees charged according to their purpose, the magistrate proceeded to determine whether the amount of the fees that were allowable were

reasonable under the circumstances. The magistrate reviewed those fees and services under each of the eight factors in Rule 1.5 of the Ohio Rules of Professional Conduct, and weighed each accordingly, to the extent that it might apply. The magistrate concluded:

In summary, based upon the factors listed in Rule 1.5 of the Ohio Rules of Professional Conduct, as well as a consideration of the limited evidence presented by the Plaintiff, the Magistrate concludes that Plaintiff has failed to prove by a preponderance of the evidence that an attorney fee award of $47,004.31 is reasonable. The Magistrate concludes that the hourly rates charged by Plaintiff's counsel is very reasonable and arguably below market value for the area. However, due to the ambiguous billing entries regarding phone calls and other services performed, as well as to the absence of clarifying testimony by the attorney performing the services, Plaintiff has failed to prove the necessity and reasonableness of the hours spent on this matter. Without additional evidence, the Magistrate must conclude that 157.5 hours spent on this matter and related to collection on the promissory note and/or attorney fees (reduced from a total of approximately 233 hours, which included the trial on the counterclaim) is outside the acceptable range. Taking into account all of the factors discussed above, the Magistrate concludes that a 25% discount of these hours is reasonable. 118.125 hours, while generous for a simple collection case, is reasonable given Mr. Cox' experience and reputation, as well as the time required to communicate with pro se defendants and to respond to motions that are not typical of a claim on a promissory note. Accordingly, an

award in the total amount of $25,062.50, representing $24,806.25 in attorney fees and $256.25 in filing fees, is appropriate under the circumstances. An analysis of the factors listed in Rule 1.5 of the Ohio Rules of Professional Conduct does not indicate that further deviation from this amount is warranted.

Accordingly, the Magistrate decides as follows:

1) Plaintiff should be awarded reasonable attorney fees and costs pursuant to the language of the promissory Note in the amount of $25,062.50.

{¶ 77} The Horas filed objections to the magistrate's decision. The court overruled the objections and adopted the magistrate's $25,062.50 award as the court's own order.

{¶ 78} The Horas do not complain that the hourly rate of Attorney Cox is excessive. Neither do they complain that the court's distinction between services performed before and after November 10, 2010 was an abuse of discretion. Instead, the Horas argue that the court erred in adopting the magistrate's determination that a $25,062.50 award was reasonable.

{¶ 79} The promissory note provided that Harvest Land is entitled to an award for "attorney's fees and costs of collection." Being a matter of contract, interpretation of that provision is a question of law. *Alexander v. Buckeye Pipe Line Co.,* 49 Ohio St.2d 158, 359 N.E.2d 702 (1977). The trial court's interpretation of the contract term is therefore a matter subject to our *de novo* review. *Long Beach Assn., Inc. V. Jones,* 82 Ohio St.3d 574, 1998-Ohio-186, 697 N.E.2d 208.

{¶ 80} A provision in a contract requiring a defaulting party to be responsible for the payment of attorney's fees incurred by the party damaged by the default in a collection action is enforceable and not against public policy so long as the fees awarded are fair, just, and

reasonable as determined by the trial court upon a full consideration of all the facts and circumstances. *Nottingdale Homeowner's Association, Inc. V. Darby,* 33 Ohio St.3d 32, 514 N.E.2d 702 (1987). Absent a transcript, we cannot find that the trial court abused its discretion when it overruled the objections and adopted the magistrate's decision.

{¶ 81} The fifth assignment of error is overruled.

{¶ 82} Sixth assignment of error:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FILING AN ENTRY WITHOUT A WRITTEN DECISION FIRST BEING FILED BY THE MAGISTRATE AND GIVING APPELLANTS AN OPPORTUNITY TO OBJECT TO THE DECISION IN ACCORDANCE WITH CIV.R.53(E)."

{¶ 83} Issue number one:

"The Magistrate's Entry and Order dated November 15, 2010 was void as the Magistrate lacked jurisdiction to enter the order."

{¶ 84} On November 15, 2010, the trial court granted Harvest Land's motion and entered a liminal order excluding evidence probative to the Horas' account with Harvest Land. The magistrate reasoned that the finding that the promissory note is valid and enforceable rendered moot any issues concerning the account. We previously rejected that rationale in sustaining the third and fourth assignments of error.

{¶ 85} An order granting or denying a motion in limine is a tentative, preliminary, or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in the full context. *State v. White,* 6 Ohio App.3d 1, 451 N.E.2d 533 (8th Dist. 1982). Therefore, if the court grants the motion, the proponent must proffer the challenged evidence

outside the jury's hearing when the proponent believes it is admissible, at which time the court may in fact admit it. *State v. Grubb,* 28 Ohio St.3d 199, 503 N.E.2d 142 (1986).

**{¶ 86}** The Horas lacked the opportunity of a proffer in the present case because the summary judgment for Harvest Land on their claim for an accounting rendered the excluded evidence inadmissible. Therefore, a proffer was not required, and the trial court's error is reversible.

**{¶ 87}** The sixth assignment of error is sustained.

<u>HARVEST LAND'S CROSS-APPEAL</u>

**{¶ 88}** Cross-Appellant's assignment of error:

"THE MAGISTRATE COMMITTED ERROR BY DISALLOWING ATTORNEY FEES FOR DEFENSE OF COUNTERCLAIM AND REDUCING THE AMOUNT OF ALLOWABLE FEES BECAUSE OF LACK OF DETAIL."

**{¶ 89}** Issue number one:

"The Magistrate committed error by disallowing attorney fees for defense of counterclaim."

**{¶ 90}** The Horas' counterclaims for breach of contract, unjust enrichment, and for an accounting arose from their account with Harvest Land, and if successful would present a basis to set-off any amounts awarded on those claims from the money judgment awarded Harvest Land on the promissory note.

**{¶ 91}** The magistrate disallowed any legal fees Harvest Land incurred after November 10, 2010, to the extent that they were for defense against the Horas' counterclaims. On November 15, 2010, the magistrate granted summary judgment on the three

counterclaims on a finding that they are moot. The trial court adopted the magistrate's decision.

{¶ 92} We agree with the trial court. After the dates identified, the counterclaims were no longer in issue. They therefore could not operate to disturb any award the court granted Harvest Land on its claims arising from the promissory note.

{¶ 93} Issue number two:

"The Magistrate committed error by reducing the amount of allowable attorney fees because of 'lack of detail.'"

{¶ 94} The magistrate excluded those parts of certain invoices that lacked detail ("various telephone calls") by allowing the portions the magistrate found reasonably related to Harvest Land's collection expenses. Thereafter, from the total fees concerned, the magistrate ordered a 25% reduction on a reasonableness finding, by applying the factors in Rule 1.5 of the Ohio Rules of Professional Conduct. Harvest Land misconstrues the magistrate's decision when it argues that the 25% reduction was applied because some of the invoices lacked detail, a matter the magistrate previously considered.

{¶ 95} The cross-assignment of error is overruled.

CONCLUSION

{¶ 96} The trial court's judgment denying the Horas' counterclaim for an accounting will be reversed and the cause remanded for further proceedings on that matter. The judgment will otherwise be affirmed.

Donovan, J., and Froelich, J., concur.

Copies mailed to:

Ray A. Cox, Esq.
Thomas Dineen, Esq.
Hon. Dennis J. Adkins