[Cite as *Taylor v. Uhl*, 2014-Ohio-3090.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

SCOTT TAYLOR

     Appellant

     v.

BRAD UHL
DIANE SLOAN
REBECCA LOVING

     Appellees

C.A. No.     13CA010441


APPEAL FROM JUDGMENT
ENTERED IN THE
LORAIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    CVF1101607

DECISION AND JOURNAL ENTRY

Dated: July 14, 2014

---

MOORE, Judge.

{¶1} Plaintiff, Scott Taylor, appeals the ruling of the Lorain Municipal Court. For the reasons set forth below, we reverse and remand this matter for further proceedings consistent with this opinion.

I.

{¶2} Appellee Diane Sloan dated Mr. Taylor's father, Phillip Taylor, who passed away in 2010. Brad Uhl is Ms. Sloan's son. Mr. Uhl is married to Rebecca Uhl, also known as Rebecca Loving. After his father's death, Mr. Taylor uncovered documents in his father's belongings, including a promissory note that was payable to Mr. Taylor or his father in the amount of $6,700. The note bore the purported signatures of Ms. Sloan, Mr. Uhl, and Ms. Loving (collectively "Appellees"). In 2011, Mr. Taylor brought suit against Appellees seeking to enforce payment on the note.

{¶3} Thereafter, Appellees filed motions for summary judgment, which the trial court granted, dismissing Mr. Taylor's complaint. Mr. Taylor timely appealed from the trial court's judgment, and he now presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE COURT'S GRANTING OF SUMMARY JUDGMENT IN FAVOR OF APPELLEES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF OHIO CIVIL RULE 56(C).

{¶4} In his sole assignment of error, Mr. Taylor argues that the trial court erred in granting summary judgment in favor of Mr. Uhl and Ms. Sloan. We agree.

{¶5} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Although Mr. Taylor frames his argument as challenging the "weight of the evidence," "[i]n ruling on a motion for summary judgment the trial court is not permitted to weigh the evidence or choose among reasonable inferences." *Harry London Candies, Inc. v. Bernie J. Kosar Greeting Card Co.*, 9th Dist. Summit No. 20655, 2002-Ohio-452, 2002 WL 185305, *3 (Feb. 6, 2002), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Instead, the trial court should view the facts of the case in the light most favorable to the non-moving party and resolve any doubt in favor of the non-moving party, and we apply the same standard to our review. *Viock v. Stow-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.* In doing so, the non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. *Id.*

{¶8} This is an action to enforce a promissory note payable to Phillip Taylor or Scott Taylor that appears to bear the Appellees' signatures as makers. Examination of the note in the case at bar reveals that the note is a negotiable instrument. None of the parties dispute this conclusion. Pursuant to R.C. 1303.03:

> (A) Except as provided in divisions (C) and (D) of this section, "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it meets all of the following requirements:
>
> (1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.
>
> (2) It is payable on demand or at a definite time.
>
> (3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:
>
> (a) An undertaking or power to give, maintain, or protect collateral to secure payment;
>
> (b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral;

(c) A waiver of the benefit of any law intended for the advantage or protection of an obligor.

**{¶9}** Pursuant to R.C. 1303.31(A), the following persons are entitled to enforce an instrument:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

**{¶10}** Here, as the note is payable to Mr. Taylor, it appears that Mr. Taylor claims to be able to enforce the note as a holder. *See* R.C. 1301.201(B)(21)(a) (holder of a note payable to an identified person is that person when in possession of the note).

**{¶11}** In their motions, the Appellees advanced the following bases as requiring summary judgment in their favor: (1) Mr. Taylor could not prove that they signed the promissory note,[1] (2) there existed no consideration in exchange for the note, and (3) Mr. Taylor's father canceled the note through a gift letter to Ms. Loving. The trial court, in granting Appellees' motions, did not explicitly state the grounds upon which it agreed with Appellees that summary judgment should be granted. We will separately discuss each ground presented by the Appellees for summary judgment.

Proof of Authentic Signatures

**{¶12}** "Generally, the holder of a negotiable instrument [ ] establishes a prima facie case for payment on a note where the note is placed in evidence and the makers' signature(s) is

---

[1] This argument was advanced in Mr. Uhl's and Ms. Loving's motion for summary judgment. Ms. Sloan admits in her affidavit attached to her motion for summary judgment that she did sign the promissory note. Accordingly, our discussion of the signatures is confined to Mr. Uhl and Ms. Loving.

(are) admitted." *Dryden v. Dryden*, 86 Ohio App.3d 707, 711 (4th Dist.1993), citing R.C. 1303.36(B). Pursuant to R.C. 1303.36(A),

> Unless specifically denied in the pleadings, in an action with respect to an instrument, the authenticity of, and authority to make, each signature on an instrument is admitted. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the party claiming validity but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or becomes incompetent at the time of the trial on the issue of the validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under section 1303.42 of the Revised Code.

{¶13} Mr. Taylor attached a purported copy of the note to the complaint, and Appellees did not deny their signatures in their answers. Accordingly, pursuant to R.C. 1303.36(A), the Appellees' signatures are deemed admitted. Therefore, Mr. Taylor's purported inability to prove that the signatures were authentic would not provide a basis for the grant of summary judgment to Appellees.

Consideration

{¶14} Under R.C. 1303.36(B), if the validity of each signature on a note is admitted or proved pursuant to R.C. 1303.36(A), a person entitled to enforce the note is entitled to payment unless the debtor proves a defense or claim in recoupment, as follow:

> (A) Except as stated in division (B) of this section, the right to enforce the obligation of a party to pay an instrument is subject to all of the following:
>
> (1) A defense of the obligor based on any of the following:
>
> (a) Infancy of the obligor to the extent it is a defense to a simple contract;
>
> (b) Duress, lack of legal capacity, or illegality of the transaction that, under other law, nullifies the obligation of the obligor;
>
> (c) Fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms;

(d) Discharge of the obligor in insolvency proceedings.

(2) *A defense of the obligor set forth in a section of this chapter or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract*;

(3) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument, but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.

(Emphasis added.)  R.C. 1303.35(A).[2]

{¶15}  Here, Appellees maintained that Mr. Taylor could not prove that they received consideration for the promissory note.  In support, Mr. Uhl and Ms. Loving attached Mr. Taylor's deposition to their motion, and argued that Mr. Taylor averred that he had no proof that Appellees received consideration for the note except for their signatures on the note itself.  Ms. Sloan specifically averred in her affidavit attached to her motion that she received nothing of value when she executed the note.

{¶16}  "Consideration, meaning that which is bargained for and given in exchange for a promise, is a necessary element of a binding contract, and the absence of consideration precludes the formation of a valid contract."  *Harvest Land Co-Op, Inc. v. Hora*, 2d Dist. Montgomery No. 25068, 2012-Ohio-5915, ¶ 14, citing 17 Ohio Jurisprudence 3d, Contracts, 39.  However, "[t]he law presumes the existence of a consideration for a promissory note; and this presumption continues until it is shown that there was none; *and the burden of showing this is on the party attacking the note for want of consideration*."  (Emphasis added.)  *Harvest Land* at ¶ 16, citing

---

[2] We note that not all of the listed defenses would be available if the holder is also a holder in due course.  R.C. 1303.35(B); *All Am. Fin. Co. v. Pugh Shows, Inc.*, 30 Ohio St.3d 130, 131-32 (1987).  *See also Arcanum Natl. Bank v. Hessler* 69 Ohio St.2d 549, 551 (1982) ("Whether one is a holder in due course is an issue which does not arise unless it is shown a defense exists").  However, none of the parties have presented an argument on this issue.

*Dalrymple v. Wyker*, 60 Ohio St. 108 (1899). *See also Whichard v. Mathews*, 8th Dist. Cuyahoga No. 98689, 2013-Ohio-1892, ¶ 32, R.C. 1303.33 (listing types of consideration sufficient to establish that an instrument was issued for value), and *Sur-Gro Plant Food Co., Inc. v. Morgan*, 29 Ohio App.3d 124 (12th Dist.1985).

{¶17} Here, Mr. Uhl's and Ms. Loving's motion for summary judgment incorrectly assumes that the burden of establishing consideration was on Mr. Taylor, as they maintain that his acknowledgement that he had no proof of payment in exchange for the note creates the absence of a question of fact. However, because the law presumes consideration for a promissory note, it was Appellees' burden to establish that they did not receive consideration. Neither Mr. Uhl nor Ms. Loving submitted an affidavit, or other summary judgment evidence, with their motion establishing the lack of consideration. Accordingly, Mr. Uhl and Ms. Loving failed to meet their initial *Dresher* burden proving the absence of a question of fact as to whether consideration was received.

{¶18} Unlike Mr. Uhl and Ms. Loving, Ms. Sloan did attach an affidavit to her motion for summary judgment. In her affidavit, she maintained that she received nothing of value when she signed the promissory note. Ms. Sloan attached a copy of the note.[3] However, the note itself states: "Diane Uhl-Sloan, Brad Uhl and Rebecca Loving, jointly and severally after date, *for value received*, the Undersigned (Debtor) promises to pay to the order of Phillip P. Taylor or

---

[3] Ms. Sloan did not authenticate and incorporate a copy of the note in her affidavit. *See King v. Rubber City Arches, L.L.C.*, 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 24 ("the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is 'incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E).'"), citing *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684 (6th Dist.1996). However, "[w]here the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, * * * the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate." *Bowmer* at 684.

Scott Taylor the sum of Six Thousand Seven Hundred and No/00 Dollars * * *." (Emphasis added.) Therefore, Ms. Sloan provided contradictory documents in support of her motion: her affidavit stating she received nothing of value when signing the note, and the note, which she signed, that specifically states "for value received[.]" Viewed in the light most favorable to Mr. Taylor, these documents do not establish the absence of a question of fact as to whether Ms. Sloan received consideration for the note. *See Turner v. Turner*, 67 Ohio St.3d 337 (1993), paragraph one of the syllabus (where the movant provides inconsistent statements as to a material issue of fact, summary judgment is inappropriate). Accordingly, Ms. Sloan also failed to meet her initial *Dresher* burden on the issue of consideration.

The Gift Letter

{¶19} In their motions, Appellees further argued that the promissory note was terminated or canceled when Mr. Taylor's father gifted $11,756 to Ms. Loving. In support, Appellees attached a "gift letter" and a copy of a cashier's check to their motions for summary judgment.[4] The gift letter states that Mr. Taylor's father had or would give a gift of $11,756 to Rebecca Loving, and certified that this was a "bona fide gift with no repayment expected or implied[.]" The gift letter is signed by both Phillip Taylor and Rebecca Loving, and is dated October 3, 2006. The cashier's check is also dated October 3, 2006, payable to Rebecca Loving in the amount of $11,756, and displays that the purchaser of the check was Phillip Taylor. However, the gift letter does not at any point reference the promissory note, which was dated September 26, 2006. In an apparent attempt to link these documents, Appellees attached a copy of a writing that Mr. Taylor averred in his deposition was written by his father, although it is not

---

[4] These documents were identified as exhibits during Mr. Taylor's deposition, and no objection was raised as to the admissibility of these documents for summary judgment purposes. *See Bowmer*, 109 Ohio App.3d at 684.

signed. The writing is contained on a piece of paper that also contains a copy of the note, and is dated April 7, 2007. The writing states "11,756.00 ch 5,000 gift from me to Brad 6,756 must be paid back by Brad or Diana by 1-1-09[.]" The promissory note bore a due date of January 1, 2009 and was payable in the amount of $6,700, which is nearly the same amount as that referenced in Phillip Taylor's handwritten notation.

{¶20} In his merit brief, Mr. Taylor appears to concede that the gift letter excuses Ms. Loving from repayment. Therefore, as Mr. Taylor limits his argument on this issue to Mr. Uhl and Ms. Sloan, we will likewise limit our discussion.

{¶21} R.C. 1303.69(A) provides,

A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument in either of the following ways:

(1) By surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument, cancellation or striking out of the party's signature, the addition of words to the instrument indicating discharge, or any other intentional voluntary act;

(2) By agreeing not to sue or otherwise renouncing rights against the party by a signed writing.

{¶22} Here, the note itself appears unaltered. In their motions for summary judgment, Ms. Sloan and Mr. Uhl attempt to argue that the gift letter to Ms. Loving discharged the obligations of Ms. Sloan and Mr. Uhl, but they provide no legal support. The gift letter does not reference the note or Ms. Sloan or Mr. Uhl. If the gift letter and the promissory note are related, and if the gift was intended to discharge Ms. Loving's obligation under the note, as conceded by Mr. Taylor, we cannot discern how the gift letter would likewise discharge the obligations of Mr. Uhl and Ms. Sloan. Therefore, we conclude that Mr. Uhl and Ms. Sloan failed to meet their initial *Dresher* burden in regard to their discharge of obligation through the gift letter.

{¶23} Accordingly, Mr. Taylor's assignment of error is sustained.

## III.

{¶24} Mr. Taylor's sole assignment of error is sustained. The judgment of the Lorain Municipal Court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOHN D. PINCURA III, Attorney at Law, for Appellant.

R. J. BUDWAY, Attorney at Law, for Appellee.

DONALD M. ZALESKI, Attorney at Law, for Appellees.