[Cite as *TPI Asset Mgt. v. Conrad-Eiford*, 193 Ohio App.3d 38, 2011-Ohio-1405.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

TPI ASSET MANAGEMENT, L.L.C.,    :

      Appellee,                      :    C.A. CASE NO. 10CA0044

v.                               :    T.C. CASE NO. 09CV1387

CONRAD-EIFORD,                   :    (Civil Appeal from
                                      Common Pleas Court)
      Appellant.                     :

. . . . . . . . .

O P I N I O N

Rendered on the 25th day of March, 2011.

. . . . . . . . .

Bryan Johnson, for appellee.

Jeremiah E. Heck and Michelle Pierro, for appellant.

. . . . . . . . .

GRADY, Presiding Judge.

{¶ 1} This is an appeal from a summary judgment for a plaintiff in an action on a claim on an account. The action was commenced by appellee, TPI Asset Management, L.L.C. ("TPI"), against appellant, Debra Conrad-Eiford. TPI alleged that Conrad-Eiford owed a balance of $14,325.04 plus interest on a Visa credit card account that was due, and that TPI succeeded the rights of the creditor by assignment. Attached to TPI's complaint were copies of documents purporting to

be an agreement governing the Visa account and statements sent to Conrad-Eiford.

{¶2} Following Conrad-Eiford's responsive pleading, TPI filed a motion for summary judgment. Attached to the motion were copies of additional documents purporting to demonstrate the debt and the amount due. Two affidavits of authentication relating to the copies were also attached, as well as answers by Conrad-Eiford to interrogatories propounded by TPI. Conrad-Eiford filed memoranda contra the motion, to which TPI replied.

{¶3} On March 17, 2010, the trial court granted TPI's motion for summary judgment, awarding a judgment against Conrad-Eiford in the amount of $14,325.04 plus interest and accrued charges of $2,027.69 and costs. Conrad-Eiford filed a timely notice of appeal.

FIRST ASSIGNMENT OF ERROR

{¶4} "The trial court erred in granting summary judgment where appellee included no affidavit or otherwise authenticating the attached business record."

{¶5} Motions for summary judgment are governed by Civ.R. 56. Subsection (C) of that rule states:

{¶6} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, *and only from the evidence or stipulation*, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, *that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."* (Emphasis added.)

{¶ 7} TPI's motion relied on the copies of documents attached to its motion for summary judgment to demonstrate that there is no genuine issue of material fact with respect to its claim against Conrad-Eiford and that TPI is entitled to judgment on its claim as a matter of law. Being out-of-court declarations, the substance of those documents is hearsay evidence, Evid.R. 801, and inadmissible pursuant to Evid.R. 802, absent one of the exceptions in Evid.R. 803 or 804.

{¶ 8} The relevant exception to inadmissibility, and the exception on which TPI relies, is the "business records" exception in Evid.R. 803(6), which provides that the following evidence is not excluded by the rule against hearsay:

{¶ 9} "Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events,

or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, *all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10)*, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."  (Emphasis added.)

{¶ 10} Evid.R. 901 states:

{¶ 11} "Requirement of Authentication or Identification

{¶ 12} "(A)  General  provision.  The  requirement  of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

{¶ 13} "Authentication and identification are terms which apply to the process of laying a foundation for the admissibility of such nontestimonial evidence as documents and objects."  Weissenberger, Ohio Evidence Treatise (2010), Section 901.1.  It is actually a rule of relevance connecting the evidence offered to the facts of the case. Id.

{¶ 14} Evid.R. 901(B) sets out a number of illustrative examples of identification or identification conforming with the requirements of the rule. The most commonly employed is at Evid.R. 901(B)(1): "Testimony of a witness with knowledge. Testimony that a matter is what it is claimed to be."

{¶ 15} Evid.R. 901(B)(1) provides that "any competent witness who has knowledge that a matter is what its proponent claims may testify to such pertinent facts, thereby establishing, in whole or in part, the foundation for identification." Ohio Evidence Treatise, Section 901.2. Conclusive evidence is not required, but the witness's testimony must be sufficient to satisfy the requirement of Evid.R. 602 that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Id.

{¶ 16} Evid.R. 901(B)(10) states that the requirements of authentication or identification may include the following:

{¶ 17} "Any method of authentication or identification provided by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio or by other rules prescribed by the Supreme Court."

{¶ 18} The foregoing requirement likewise applies to motions for summary judgment. Civ.R. 56(E) provides:

{¶ 19} "Form of affidavits; further testimony; defense required.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶ 20} TPI presented two affidavits in support of its motion for summary judgment. An affidavit of Eric Hunter, identified as a "Team Leader" at Chase Bank USA, N.A., states: "I am authorized on behalf of Chase Bank USA, N.A., to make this affidavit." The affidavit then states that Conrad-Eiford had a Visa credit card account with Chase Bank USA, N.A., that the account was sold to Unifund Portfolio A, L.L.C., on or about March 28, 2008, and that at that time, the balance Conrad-Eiford owed on the account was $14,325.04.

{¶ 21} The other affidavit was made by Bryan Johnson, identified as "Vice-President of TPI Asset Management, LLC," who states, "[F]rom my own personal knowledge the following facts are true as I verily believe, and * * * I am competent to testify to same." The affidavit then states that Conrad-Eiford's Visa account was sold by Unifund Portfolio A to Unifund CCR Partners, which assigned the account to TPI. The affidavit further states that Conrad-Eiford failed to pay and refused TPI's demand to pay the balance due on the account in the amount of $14,325.02, plus accrued interest and charges of

$2,027.69, plus additional interest and charges.

{¶ 22} The affiant Hunter's statement that "I am authorized on behalf of Chase Bank USA, N.A. to make this affidavit" is insufficient to demonstrate that he has any personal knowledge of the facts that the affidavit contains.  Hunter's identification as a "Team Leader" at that bank, standing alone, fails to portray a basis to find that through that position he gained the required personal knowledge.

{¶ 23} The affiant Johnson's assertion that from his own personal knowledge the facts contained in the affidavit were true as he "verily believe[d]," and that he was "competent to testify to same," likewise fails to portray any basis other than Johnson's own assertion, that he has the required personal knowledge.  Johnson's bare assertion that the facts related in his affidavit are true does not support a finding that they are.

{¶ 24} The standard that Civ.R. 56(C) imposes for granting a motion for summary judgment requires the court to find that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" on the claim or defense the motion concerns.  To make the required finding, the court must have before it more than an assertion that an affiant knows of the fact or facts related in an affidavit.  In addition, the affidavit must demonstrate the particular basis on which the affiant gained his understanding of the fact or facts, and that basis must be

sufficient to support a finding of fact by the court that the affiant "has personal knowledge of the matter" concerned. Evid.R. 602; Civ.R. 56(C). Hearsay knowledge based on the affiant's review of hearsay business records, for example, is insufficient. *St Paul Fire & Marine Ins. Co. v. Ohio Fast Freight, Inc.* (1982), 8 Ohio App.3d 155.

{¶ 25} Even if the Hunter and Johnson affidavits did portray the necessary personal knowledge of the facts contained in their affidavits, that would not permit the court to rely on the copies of the documents TPI submitted in support of its motion for summary judgment. The affidavits make no specific reference to those documents.

{¶ 26} TPI also relies on Conrad-Eiford's responses to certain requests for documents and admissions with which she was presented. Conrad-Eiford admitted that she has no documents showing that the amount due on the account is other than what TPI alleged in its complaint. She also admitted that she or someone authorized by her made purchases on the Visa account, and that she did not recall ever disputing those charges. TPI argues that these matters show that Conrad-Eiford "lacked any evidence regarding the subject matter of this lawsuit," and therefore that "it was impossible for Eiford to produce sufficient competent, credible evidence to meet the burden Civ.R. 56 imposes on a non-moving party."

{¶ 27} TPI's assertions regarding Conrad-Eiford's lack of evidence may be correct, but TPI's conclusion is not. Before a party against whom summary judgment is sought must bear any evidentiary burden, the movant must demonstrate the absence of any genuine issue of material fact regarding the claim or defense on which the movant relies. *Dresher v. Burt* (1996), 75 Ohio St.3d 280. TPI's motion failed to do that, for the reasons we explained.

{¶ 28} The trial court erred when it granted TPI's motion for summary judgment. The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 29} "The trial court erred in granting plaintiff's motion for summary judgment when plaintiff failed to prove an account or an account stated."

{¶ 30} This assignment of error is rendered moot by our decision sustaining the first assignment of error. Accordingly, we exercise the discretion conferred by App.R. 12(A)(1)(c) and decline to decide the error assigned.

{¶ 31} Having sustained the first assignment of error, we reverse the summary judgment from which this appeal was taken and remand the case to the trial court for further proceedings.

Judgment reversed

and cause remanded.

FAIN and DONOVAN, JJ., concur.