[Cite as *RBS Citizens, N.A. v. Vernyi*, 2012-Ohio-2178.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RBS CITIZENS NA

    Appellee

    v.

DALE VERNYI, et al.

    Appellants

C.A. No.     26046

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2010-02-1146

DECISION AND JOURNAL ENTRY

Dated: May 16, 2012

---

BELFANCE, Judge.

{¶1} Dale Vernyi appeals the trial court's award of summary judgment in favor of RBS Citizens, N.A. ("the Bank"). For the reasons set forth below, we reverse.

I.

{¶2} In August 1999, Mr. Vernyi opened a home equity line of credit, signing a "Credit Line Agreement" ("the Note") and a mortgage ("the Mortgage"). The Bank eventually came to be the holder of the Note and the Mortgage. The Note provided that Mr. Vernyi would have access to a line of credit of $127,000.00 and that Mr. Vernyi would have to pay off the line in full on the maturity date (August 12, 2009). The Note required Mr. Vernyi to make a monthly minimum payment, but noted that the minimum payments "may not be sufficient to repay the principal in full[, which] w[ould] cause a balloon payment to be due * * *."

{¶3} In February 2010, the Bank filed a complaint against Mr. Vernyi, alleging that he had breached the agreement and that it was entitled to foreclose on his home and was entitled to

a judgment of $125,375.54 plus interest. Mr. Vernyi did not immediately file a response but filed one in May 2010 with leave of the trial court. However, the Bank subsequently filed a motion for default and summary judgment.

{¶4} The trial court referred the case to mediation, staying the Bank's motion in the process. After mediation proved unsuccessful, the trial court reactivated the case, and Mr. Vernyi filed a response in opposition to the Bank's motion for summary judgment which doubled as his cross-motion for summary judgment, to which the Bank responded. The trial court denied Mr. Vernyi's cross-motion but granted the Bank's motion for summary judgment.

{¶5} Mr. Vernyi has appealed, raising three assignments of error. For ease of discussion, we address some of his assignments of error together.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN RBS CITIZENS['] FAVOR AS RBS CITIZENS' AFFIDAVITS FAILED TO MEET THE REQUIREMENTS OF CIV.R. 56(E), THUS, FAILING TO PROVIDE EVIDENCE TO OVERCOME DALE J. VERNYI'S MOTION FOR SUMMARY JUDGMENT.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF RBS CITIZENS AS PLAINTIFF FAILED TO PRODUCE ANY EVIDENCE OF A DEFAULT.

{¶6} In Mr. Vernyi's first assignment of error, he argues that he was entitled to summary judgment because the Bank "failed to provide any evidence of the claims brought * * *." In his second assignment of error, Mr. Vernyi argues that the trial court incorrectly awarded the Bank summary judgment because his affidavit demonstrated that there still remained genuine issues of material fact.

**Summary Judgment, Standard of Review**

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011-Ohio-1519, ¶ 8.

{¶8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the non-moving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶10} "The historic prerequisites for a party seeking to foreclose a mortgage are * * * execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011-Ohio-435, ¶ 16.

**The Bank's Motion for Summary Judgment**

{¶11} In the Bank's motion for summary judgment, it argued that it was entitled to foreclosure, pointing to Grace Smith's February 23, 2010 affidavit, in which she averred that she

was a foreclosure specialist and had reviewed Mr. Vernyi's loan file. According to Ms. Smith, Mr. Vernyi owed $125,375.54. Ms. Smith's affidavit consisted of nine paragraphs and did not contain any indication as what connection Ms. Smith had to the Bank; thus, it is unclear whether she had personal knowledge. *See, e.g., Cent. Mtge. Co. v. Elia*, 9th Dist. 25505, 2011-Ohio-3188, ¶ 7 ("[The] mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) *if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.*") (Emphasis added.) (Internal quotations and citations omitted.); *see also Target Natl. Bank v. Enos*, 9th Dist. No. 25268, 2010-Ohio-6307, ¶ 11.

{¶12} Regardless, in Mr. Vernyi's affidavit attached to his response in opposition to the Bank's motion for summary, he averred:

> I do not owe what [the Bank's] affidavit claims is the principal balance and owed in the motion for summary judgment, $125,375.54. I made payments regularly on this line of credit for 10 years. In fact, [the Bank] claims I defaulted after I made all the regular payments under the agreement.

The Bank then submitted Ms. Smith's April 12, 2011 affidavit in which she averred that Mr. Smith "failed to make the required *monthly* mortgage payment to [the Bank] and ha[s] breached the terms and conditions of [the Note]. As such, the mortgage loan account has been and is currently in default[.]" (Emphasis added.)

{¶13} Mr. Vernyi has challenged the validity of Ms. Smith's affidavits; however, even assuming that the affidavits are proper summary judgment evidence, the Bank was not entitled to summary judgment. Mr. Vernyi averred that he made regular payments on the Note while the Bank claimed he was in default for missing a monthly payment. Viewing the evidence presented in the light most favorable to Mr. Vernyi, there is a genuine issue of material fact as to whether he is in default. Thus, Mr. Vernyi's second assignment of error is sustained.

**Mr. Vernyi's Cross-Motion for Summary Judgment**

{¶14} Mr. Vernyi also argues that not only was the Bank not entitled to summary judgment but that the trial court should have granted his cross-motion for summary judgment. Because Mr. Vernyi is the moving party, we must view the evidence submitted in the light most favorable to the Bank.

{¶15} We initially note that Mr. Vernyi's cross-motion for summary judgment doubled as his response in opposition to the Bank's motion for summary judgment and that, within his motion, he repeatedly argued that there were genuine issues of material fact to be resolved. Furthermore, Mr. Vernyi's argument as to why he was entitled to summary judgment was that the Bank "failed to establish a prima facie case of entitlement * * *." However,

> a moving party does not discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no *evidence* to prove its case. The assertion must be backed by some evidence of the type listed in Civ.R. 56(C) which affirmatively shows that the nonmoving party has no evidence to support that party's claims.

(Emphasis sic.) *Dresher*, 75 Ohio St.3d at 293. Mr. Vernyi averred in an affidavit he attached to his cross-motion for summary judgment that he did not owe the amount claimed by the bank and that he "made payments regularly on this line of credit for 10 years." However, Mr. Vernyi's affidavit is silent as to whether he had paid off the outstanding principle at the end of ten years. Accordingly, viewing the evidence in the light most favorable to the Bank, Mr. Vernyi was not entitled to summary judgment because he failed to demonstrate that no genuine issue of material fact existed. *See id.* at 292.

{¶16} Mr. Vernyi's first assignment of error is overruled, but his second assignment of error is sustained.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT
TO RBS CITIZENS AS RBS CITIZENS FAILED TO PRODUCE EVIDENCE
HOW INTEREST WAS CALCULATED IN THE TOTAL AMOUNT
CLAIMED, THEREFORE, A GENUINE ISSUE OF MATERIAL FACT
REMAINED.

**{¶17}** Because we sustained Mr. Vernyi's second assignment of error, this assignment

of error is moot, and, therefore, we decline to address it. *See* App.R. 12(A)(1)(c).

III.

**{¶18}** Mr. Vernyi's first assignment of error is overruled, his second assignment of error

is sustained, and his third assignment of error is moot. The judgment of the Summit County

Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with

this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common

Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy

of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of

judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the

mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

MARGERET A. MCDEVITT and JULIUS P. AMOURGIS, Attorneys at Law, for Appellant.

PAMELA S. PETAS, Attorney at Law, for Appellee.