[Cite as *Bank of Am. v. Saadey*, 2014-Ohio-3569.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BANK OF AMERICA | ) | CASE NO. 12 MA 196 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RUSSELL SAADEY, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 12 CV 338

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Patricia K. Block
Atty. Romi T. Fox
Lerner, Sampson & Rothfuss
120 East Fourth Street, Suite 800
Cincinnati, Ohio  45202-4007

For Defendant-Appellant:     Atty. Andrew R. Zellers
Richard G. Zellers & Associates, Inc.
3810 Starrs Centre Dr.
Canfield, Ohio  44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  August 14, 2014

WAITE, J.

**{¶1}** Appellant, Russell Saadey, appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment in a foreclosure action filed by Appellee, Bank of America, N.A. His challenge is based on the sufficiency of the evidence establishing Appellee's standing to file suit as the real party in interest. Appellant's three assignments of error are without merit and are overruled. The judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

**{¶2}** Appellee, Bank of America, N.A., filed its foreclosure action against Appellant, Russell Saadey on February 6, 2012. Appellee named a number of additional parties who might hold an interest in the property, including the condominium association and the federal government. These additional claims (including a cross-claim by the condominium association) and defendants are not at issue in this appeal.

**{¶3}** Appellee attached copies of the subject note and mortgage, which reflect that Appellant was unmarried when he executed the note as a sole promisor in May of 2007 to the original lender, Countrywide Bank, FSB. Two additional indorsements on the last page of the note indicate that the note was transferred via specific indorsement from Countrywide Bank, FSB, to Countrywide Home Loans, Inc. and then indorsed in blank by Countrywide Home Loans, Inc. The mortgage attached to the complaint was executed on the same day between the same parties: Russell Saadey and Countrywide Bank, FSB. A copy of an assignment of mortgage, which was executed on July 9, 2009 by Shellie Hill on behalf of Mortgage Electronic

Registration System, Inc. ("MERS") "**as nominee for Countrywide Bank, FSB, its successors and assigns**" and purported to transfer the subject mortgage to "**BAC Home Loans Servicing, L.P., fka Countrywide Home Loans Servicing, L.P.**" (2/6/12 Complaint, Exh. C.) Also attached to the complaint is a copy of a certificate of merger from the office of the Secretary of State of Texas which shows that BAC Home Loans Servicing, L.P. merged into Bank of America, N.A. and a copy of a second Texas document showing an amendment to a certificate of limited partnership and changing the name of the partnership from Countrywide Home Loans Servicing, L.P. to BAC Home Loans Servicing, L.P. as of April 27, 2009. (2/6/12 Complaint, Exh. D & E.) Appellee also included a notice of a federal tax lien against Appellant's property in the amount of $24,879.62. (2/6/12 Complaint, Exh. F.)

**{¶4}** Appellant filed an answer to the complaint on April 24, 2012 after he was granted leave by the trial court. Appellant's answer contains a general denial of the allegations in the complaint, with the exception of the fact that the mortgage was filed and appears in the county recorder's records. Appellant did not assert any counterclaims or defenses. Appellee filed a motion for summary judgment and affidavit in support of the motion on July 19, 2012. According to the affidavit offered in support, Appellant failed to make the payment due on January 1, 2009 and has not made any subsequent payment. The affiant, Shelley Rae Fazio, Assistant Vice President of Bank of America, stated that the loan was accelerated and was now due, for a principal amount of $194,286.80 with 7.75% interest accruing from

December 1, 2008 through April 2012, and 3.25% from May 1, 2012. The note, mortgage, transfer of mortgage, and a statement of account were attached to the affidavit and referenced in the affidavit.

{¶5} Appellant opposed Appellee's motion for summary judgment by challenging Appellee's status as the real party in interest in the suit. Appellant alleges that the 2009 assignment of mortgage did not transfer an interest to Appellee and therefore prevents Appellee from enforcing the terms of the mortgage. Appellant filed an amended answer to the complaint without leave of court in conjunction with his opposition to Appellee's motion for summary judgment on August 12, 2012. The amended answer raised a number of defenses and challenged Appellee's standing to foreclose. Appellee filed a motion to strike Appellant's amended answer, as it was not filed within the 28-day window allowed by Civ.R. 15. The trial court did not rule on this motion. The trial court did grant Appellee's motion for summary judgment on September 28, 2012, however. Hence, the record indicates that Appellee's motion to strike the amended answer was denied. Appellant's timely appeal was filed from the entry granting summary judgment.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT MOTION FOR THE PLAINTIFF [SIC] THIS CASE WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT REMAINING TO BE PROVED BY THE PLAINTIFF.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE PLAINTIFF SINCE THEY WERE NOT THE REAL PARTY IN INTEREST TO BRING A FORECLOSURE ACTION.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT GRANTED SUMMARY JUDGMENT FOR THE PLAINTIFF BASED ON INSUFFICIENT EVIDENCE.

**{¶6}** Appellant's three assignments of error challenge the sufficiency of the evidence presented by Appellee in support of its motion for summary judgment. Appellant's arguments focus on two issues: Appellee's identity as the real party in interest and the sufficiency of the averments in the affidavit filed in support of the motion. Because an evaluation of these two issues will determine the outcome of all three assignments of error, the assignments will be considered together.

**{¶7}** A trial court's decision to grant summary judgment is reviewed under a *de novo* standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the court hearing the motion must determine: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶8}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In order to prevent summary judgment from being granted, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (1997).

**{¶9}** Appellant argues that there is a genuine dispute as to Appellee's standing to foreclose as the owner of the note and mortgage. Appellant contends that the affidavit filed by Appellee contains the same defects that have led four other appellate districts to hold that an affidavit filed in support of summary judgment is insufficient to support a judgment. Appellant is mistaken in this contention. The conclusions reached in the cases cited by Appellant are based on dispositive facts that materially differ from the case at bar.

**{¶10}** The cases Appellant cites generally fall into two categories: those in which the affiant is not an employee of the plaintiff bank or lending institution and those where the note is absent and/or specifically indorsed to an entity other than the plaintiff.

**{¶11}** Appellant primarily relies on two Sixth District cases, *Aurora Loan Servs., L.L.C. v. Louis*, 6th Dist. No. L-10-1289, 2012-Ohio-384 and *Fed. Natl. Mtge. Assn. v. Brunner*, 6th Dist. No. L-11-1319, 2013-Ohio 128. *Aurora* combines both of the common defects: the complaint was filed without a copy of the note and the note subsequently produced was specifically indorsed to an entity other than the plaintiff lending institution. The original lender bank had closed before the matter was brought to trial. The affiant, an employee of plaintiff, could not establish personal knowledge of this closed bank's records, on which plaintiff relied. Similarly, in *Brunner*, the Sixth District rejected the affidavit of an employee of an entity other than the plaintiff lender who relied on "access" to his own employer's records, and not the plaintiff lender's, in making the affidavit.

**{¶12}** Appellant emphasizes the fact that in this case and in *Aurora* the affiant is a bank vice president. Appellant overlooks the fact that in *Aurora*, the affiant was not the vice president of the bank whose records were necessary to establish a chain of title. Similarly, Appellant argues that the affiant in *Brunner* averred "knowledge" based on his "position" but the court found this claim insufficient. Appellant ignores the fact that the *Brunner* affiant was not an employee of the plaintiff and the affiant's purported knowledge was of a third party's records, not those presented by the plaintiff. Both of these cases are inapplicable to the matter now before us, in which the note is bearer paper and the motion for summary judgment is supported by the affidavit of an employee who has sworn to have personal knowledge of documents

that are the business records of her own employer and which she reviewed prior to executing her affidavit. (Fazio Aff.)

{¶13} Appellant's other cases are equally inapplicable to the matter before us. In *RBS Citizens N.A. v. Vernyi*, 9th Dist. No. 26046, 2012-Ohio-2178 the affidavit was defective because the affiant did not indicate her relationship to the plaintiff bank; in *Maxum Idemn. Co. v. Selective Ins. Co. of South Carolina*, 2012-Ohio-2115 affiant's knowledge was purportedly based on a contract not in evidence; in *Bank of New York Mellon Trust Co. v. Mihalca,* 9th Dist. No. 25747, 2012-Ohio-567 the employee of a separate entity who identified herself as "attorney in fact" for the plaintiff bank did not establish a basis as to her personal knowledge sufficient to authenticate the plaintiff's business records; in *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. No. 2010-CA-00291, 2011-Ohio-3202, the affiant was, again, an employee of an entity other than the plaintiff bank and her affidavit did not establish that she could have personal knowledge of another company's records or practices. Finally, in *TPI Asset Mgt., L.L.C. v. Conrad-Eiford*, 193 Ohio App.3d 38, 2011-Ohio-1405, two affidavits were rejected, both because the affiants were not employees of the business whose records they purported to authenticate and because the affidavits did not contain facts sufficient to establish personal knowledge. The court held that the general statement that the affiants were "authorized" to execute affidavits for Chase Bank did not support a finding that the information in the affidavits were based on personal knowledge.

{¶14} The affiant in this matter is an employee of Appellee who swears to have personal knowledge as to documents produced and maintained in the course of Appellee's business. As each of the districts Appellant cites in support of his misguided argument have noted:

Pursuant to Civ.R. 56(E), affidavits submitted in support of, or in opposition to, a motion for summary judgment must be "made on personal knowledge[.]" "Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies th[is] Civ.R. 56(E) requirement[.]" *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *State, ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459[, 423 N.E.2d 105] (1981). However, "[i]f particular averments contained in an affidavit suggest it is unlikely that the affiant has personal knowledge of those facts, then * * * something more than a conclusory averment that the affiant has knowledge of the facts would be required." *Bank One* at ¶ 14, quoting *Merchants Natl. Bank v. Leslie*, 2d Dist. No. 2072 (Jan. 21, 1994).

*Mihalca, supra*, ¶16. Appellant has not identified any flaw in the affidavit filed in this case that would indicate that the affiant lacks the necessary personal knowledge. Absence proof that the affidavit is insufficient, the general rule applies: "[a] mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that

the affiant has personal knowledge of the facts in the affidavit." *Residential Funding Co., LLC v. Thorne*, 6th Dist. No. L-09-1324, 2010-Ohio-4271.

**{¶15}** In focusing his argument on the allegedly flawed affidavit, Appellant neglects to address the purported crux of his appeal, which is Appellee's legal status as a holder entitled to enforce the note and mortgage. Under Ohio law, the current holder of the note and mortgage is the real party in interest in foreclosure actions. When a party fails to establish that it is the current holder of the note and mortgage, summary judgment is inappropriate. *U.S. Bank Natl. Assn. v. Marcino*, 2009-Ohio-1178, ¶32. Where, as here, the note produced in support of Appellee's claim contains an indorsement that does not specifically identify the payor, it is a note indorsed in blank and payable to the bearer. R.C. 1303.25(B) states:

> "Blank indorsement" means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

Appellee's affidavit states: "Bank of America, N.A. successor by merger to BAC Home.Loans [sic] Servicing, LP fka Countrywide Home Loans Servicing, LP has possession of the note. The business records attached, which I have reviewed, are true and correct copies * * *." (Fazio Aff., ¶4-5.) In Ohio, a person or entity who is in possession of an instrument made payable to bearer is entitled to enforce the terms of the instrument as the "holder." R.C. 1301.01(T)(1).

**{¶16}** For nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt and the mortgage is a mere incident to the obligation. *Edgar v. Haines*, 109 Ohio St. 159, 164, 141 N.E. 837 (1923). Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even when the mortgage is not assigned or delivered. *Kernohan v. Manss*, 53 Ohio St. 118, 133, 34 WLB 79 (1895.)

**{¶17}** Various sections of the Uniform Commercial Code, as adopted in Ohio, support the conclusion that the owner of a promissory note should be recognized as the owner of the related mortgage. See R.C. 1309.109(A)(3) ("this chapter applies to the following: * * * [a] sale of * * * promissory notes"), 1309.102(A)(73)(d) ("'Secured party' means: * * * [a] person to whom * * * promissory notes have been sold"), and 1309.203(G) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien"). Further, "[s]ubsection (g) [of U.C.C. 9–203] codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien." Official Comment 9 to U.C.C. 9–203, the source of R.C. 1309.203.

**{¶18}** Thus, although the record does not contain an additional recorded assignment of the mortgage, there is sufficient evidence in the record to establish that Appellee is the current owner of the note and mortgage. In addition to establishing that it is the current holder of the note and the real party in interest,

Appellee also provided evidence of Appellant's default due to nonpayment, and established the amount due and owing. (Fazio Aff.) Appellee also produced the required accounting showing the date of default as it is identified in the complaint. This was confirmed in the affidavit. (Fazio Aff., Exh. 1.) Accordingly, Appellant's three assignments of error are without merit and are overruled.

## Conclusion

{¶19} Appellant's three assignments of error are without merit. The affidavit offered in support of summary judgment was legally sufficient, Appellee produced evidence to establish standing as the real party in interest, identified a default, and provided an accounting of the amount due on the obligation. The judgment of the trial court is affirmed in full.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.