[Cite as *Fifth Third Bank v. Matthews*, 2017-Ohio-401.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

FIFTH THIRD BANK                          :
                                          :   Appellate Case No. 27124
        Plaintiff-Appellee                :
                                          :   Trial Court Case No. 15-CV-4657
v.                                        :
                                          :   (Civil Appeal from
ERVIN B. MATTHEWS, et al.                 :    Common Pleas Court)
                                          :
        Defendants-Appellants             :
                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of February, 2017.

. . . . . . . . . . .

YALE R. LEVY, Atty. Reg. No. 0065006, and KRISHNA K. VELAYUDHAN, Atty. Reg. No.
0074606, Levy & Associates, LLC, 4645 Executive Drive, Columbus, Ohio 43220
        Attorney for Plaintiff-Appellee

RONALD J. KOZAR, Atty. Reg. No. 0041903, Kettering Tower, Suite 2830, Dayton, Ohio
45423
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

BROGAN, V.J.

{¶ 1}  Ervin and Keyea Matthews appeal from the judgment of the Montgomery

County Common Pleas Court in favor of the appellee, Fifth Third Bank ("Bank"), in the

amount of $115,132.66 plus interest in the amount of 14.09% from July 2, 2015.

{¶ 2} In their sole assignment of error, the Matthews contend the trial court erred in granting the Bank summary judgment based on the affidavit of Jeremy Hejl, Records Custodian for the Bank. That affidavit provided as follows:

BEFORE ME, undersigned, Notary Public, authorized by law to administer oaths, personally appeared, Affiant, who, after being duly sworn, says:

1. Affiant is at least 18 years of age and competent to testify. Affiant has personal knowledge of the facts set forth therein.

2. Affiant is the duly authorized Agent and Records Custodian of Plaintiff, Fifth Third Bank.

3. I make the following statements based on my knowledge of, familiarity with, and review of the books and records for Defendants, Ervin B. Matthews and Keyea M. Thompson Matthews. The books and records for Defendants' Account are kept and maintained by Plaintiff within the ordinary course of its business, by persons with knowledge of their contents, and the underlying events or transactions, giving rise to the balance owed, was recorded at or near the time of their making or occurrence.

4. Plaintiff, Fifth Third Bank, is the original creditor and current owner of Ervin B. Matthews and Keyea M. Thompson Matthews's account.

5. Plaintiff, Fifth Third bank, has complete authority to sue, collect, settle, adjust, compromise and satisfy the above referenced account.

6. Based upon my review of the terms of the Simple Interest Note and

Security Agreement dated September 13, 2005, the Internal Installment Loan History, dated December 15, 2014, and the Summary Balance Inquiry dated March 18, 2016, attached hereto and incorporated herein to said affidavit, there is now due and owing from Defendants to Plaintiff the principal in the amount of $58,921.04 plus fees and interest in the amount of $62,120.57, plus interest at 14.09% per annum from March 18, 2016 and the court costs of this action.

7. As of March 18, 2016, no additional payments have been made and no crerdit has accrued that reduces the amount of Plaintiff's claims.

8. To the best of my knowledge and belief, Defendants are not incompetent or a minor, or in the military.

**{¶ 3}** Attached as an appendix to Hejl's affidavit was the Simple Interest Note and Security Agreement allegedly signed by Mr. and Ms. Matthews, the Bank's Internal Installment Loan History and Summary Balances Inquiry regarding the Matthews.

**{¶ 4}** In a single assignment of error, appellants contend that the trial court erred in granting the Bank summary judgment because Hejl's affidavit should not have been admitted pursuant to Evid.R. 803(6), the "business-records exception. The appellants' arguments are as follows:

First, the rule speaks of the records being "made" by a person with knowledge. Hejl's affidavit, by contrast, says only that Fifth Third's records are "kept or maintained" by persons with knowledge. That is not enough. The records must indeed be *made* by a person with knowledge. *E.g., Weis v. Weis*, 147 Ohio St. 416, 425, 72 N.E.2d 245, 250 (1947) (to qualify,

records must be "made in the regular course of business by those who have a competent knowledge of the facts recorded").

Second, the knowledge that the rule requires the people who made the records to have had is knowledge of the facts or data being recorded. The only knowledge that Hejl ascribes to the keepers and maintainers of the records, by contrast, is "knowledge of their contents," that is, of the records' contents. That is not enough. The data or information "must have been entered by a person with knowledge of the act, event or condition." *State v. Davis*, 116 Ohio St.3d 404, 429, 2008-Ohio-2, ¶171, 880 N.E.2d 31, 62.

The third deficiency is that, regardless of whether he covers Rule 803(6)'s elements, Hejl does not authenticate the twelve pages attached to his affidavit. It is not enough not to say, as Hejl attempts to say, that Fifth Third has documents meeting the criteria of Rule 803(6). The party invoking the rule must also say what documents before the court are to be admitted on that basis. Hejl's affidavit does not do this. Paragraph 3 of his affidavit speaks of "books and records for Defendants' Account" that meet some of the criteria of Rule 803(6), but he does not say what documents those "books and records" are or whether any of them are before the court. Later, Paragraph 6 of his affidavit refers to document[s] that are before the court as attachments to his affidavit, but he does not associate any of those document[s] with the testimony in Paragraph 3 by which he tried to address the elements of Rule 803(6).

The fourth deficiency in Hejl's affidavit concerns its use as a basis for admission of the contract between Fifth Third and the Matthewses. Rule 803(6) speaks of memoranda and so on that record "acts, events, or conditions" shortly after they occurred. The "Simple Interest Promissory Note and Security Agreement" is not fair game for authentication under that formula. It is not a record of acts or events that some employee wrote down while they were fresh in his mind. The point of the business-records exception is to enable an affiant "to prove the repetitiveness and routineness of a record-keeping function, from which a fact may be inferred." *Harvest Land Co-Op v. Hora*, 2d Dist. App. No. CA 25068, 2012-Ohio-5915, ¶40. That would apply, for example, to documents by which clerks who receive customers' payments log the dates and amounts of those payments. It would not apply, however, to a contract signed by a customer, rather than an employee, of the institution whose records are to be authenticated.

Appellants contend Evid.R. 803 applies to records made by employees of the institution whose record keeping practices are being described. Appellants argue that the Bank did not make the note, that the Matthews did.

{¶ 5} The Bank argues in response that Hejl's affidavit meets the three requirements of Evid.R. 803(6). The Bank notes that Hejl averred that the records of appellants' account were kept and maintained in the ordinary course of business, that he has knowledge of appellants' records, and the records were recorded at or near the time

of the transaction. The Bank, citing *Harvest Land Co-Op., Inc. v. Hora*, 2d Dist. Montgomery No. 25068, 2012-Ohio-5915, ¶ 34, notes that the court has previously stated that "whether he or an employee who reported to him actually made the accounting entries concerned is a matter which is immaterial to the probative value of his affidavit." Secondly, the Bank argues that the records attached to Hejl's affidavit were properly authenticated because his affidavit specifically references the records.

{¶ 6} Appellants' final attack of Appellee's affidavit suggests that the inclusion of the Simple Interest Note and Security Agreement between Appellants and Appellee is not a proper business record entered into evidence through Evid.R. 803(6) because it was not made by Appellee, but by Appellants. The Bank argues there is no basis for this contention. It argues that the promissory note is exactly the type of business record contemplated by Evid.R. 803(6), establishing a sufficient foundation for the admissibility of the relevant loan documents as business records, citing *Macintosh Farms Community Ass'n v. Baker*, 8th Dist. Cuyahoga No. 102820, 2015-Ohio-5263, ¶13.

{¶ 7} In *Harvest Land Co-Op, Inc. v. Hora et al.,* 2012-Ohio-5915, this Court addresses the business records exception found at Evid.R. 803(6). In this case Harvest Land filed a complaint alleging that the Horas had defaulted on a promissory note in the amount of $100,000. Harvest Land, in opposition to a motion for summary judgment, filed the affidavit of Jared O. Martin, stating:

1. I am the Financial Analyst for Harvest Land Co-Op., Inc., and have personal knowledge of the facts herein.

2. Upon receipt of a promissory note in the amount of $100,000.00 made by Defendants, and consistent with internal accounting procedures, *I moved*

*Defendants' balance* from open account # 27709 to a Notes Receivable account # 1251.

3.   The standard accounting procedure at Harvest Land Co-Op., Inc., for transferring open account balances to a promissory note is:

a) adjusting ticket debiting general ledger account #1251, Notes Receivable, on Harvest Land's balance sheet and crediting customer's open account for a like amount.

(b) upon payment, cash ticket is applied as a credit to general ledger account #1251, Notes Receivable, in order to relieve the balance of the note on Harvest Land's balance sheet.

4.   On March 25, 2009, *we credited the Defendants' account* # 27709, $100,000.00 on an adjustment ticket that debited general ledger code # 1251, Notes Receivable, on Harvest Land's balance sheet.

5.   On May 20, 2009, we applied $3,133.64 as a credit on a cash ticket using item number # 1251 which is driven to general ledger code # 1251, reducing the Defendants' $100,000.00 debit balance.

6.   In sum, and according to Harvest Land and good accounting practices, upon receipt of $100,000.00 promissory note, we credited the open account to a zero balance, and debited the promissory note account by the same amount.   One payment of $3,133.64 has been credited to the promissory note account.   Further Affiant saith naught. (Emphasis added).

**{¶ 8}**   Martin was deposed and he explained the process described in his affidavit. He was asked the following question and he gave the following response:

Q. Who directed you to do that in the case of Mr. Hora?

A. I individually did not make that transaction. I was asked what it was, and so I looked up the process. I was asked by Dan Bourne, and so I physically looked up the process, looked up the tickets, and I'm aware of the procedures, but I physically did not take that and put it on to a note. I physically did not make those transactions.

{¶ 9} At page 13 of his deposition, Martin stated that he supervises no employees who directly report to him.

{¶ 10} The Horas objected to the magistrate's recommendations that they pay the amount on the promissory note because they contended Martin's affidavit was untruthful because he did not personally enter the credit against the Horas' debt on account. The Horas also objected that Martin's affidavit reference ("we credited the Defendant's account #27709") is false as no employees reported to him for whom he can thus speak.

{¶ 11} The magistrate did not rule upon the Horas' objection, but this Court found no error in the admission of Martin's affidavit. Judge Grady noted that Martin's affidavit demonstrated the bases for and his personal knowledge of the facts his affidavit averred. Whether he or an employee who reported to him actually made the accounting entries concerned is a matter which is immaterial to the probative value of his affidavit.

{¶ 12} Appellants attack the sufficiency of the authentication of the records attached to Hejl's affidavit. In *TPI Asset Mgmt., LLC v. Conrad-Eiford*, 193 Ohio App.3d 38, 2011-Ohio-1405, 950 N.E.2d 1018, ¶ 25 (2d Dist.), this Court rejected appellant's affidavits and the records attached thereto because the affidavits made no specific reference to those records. Hejl's affidavit, to the contrary, specifically references the

records attached to his affidavit in paragraph 6 where Hejl avers: "[T]he Simple Interest Note and Security Agreement dated September 13, 2005, the Internal Installment Loan History, dated December 15, 2014, and the Summary Balance Inquiry dated March 18, 2016, attached hereto and incorporated herein to said affidavit * * * ."  *See* Exhibits A and B, attached to "Plaintiff's Motion for Summary Judgment," filed March 22, 2016.   The records attached to and incorporated into appellee's affidavit were properly admitted into evidence by the Trial Court.

{¶ 13} The appellants' sole assignment that the trial court erred in granting summary judgment to the appellee is Overruled.   Judgment Affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and FROELICH, J., concur.

(Hon. James A. Brogan, Retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Yale R. Levy
Drishna K. Velayudhan
Ronald J. Kozar
Hon. Mary K. Huffman