**[Cite as *Betz v. Gist*, 2023-Ohio-1589.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| CHRISTINE BETZ | : | |
| Appellee | : | C.A. No. 29536; 29679 |
| v. | : | Trial Court Case No. 2021 CV 05173 |
| JUSTIN GIST, et al. | : | (Civil Appeal from Common Pleas Court) |
| Appellants | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on May 12, 2023

· · · · · · · · · · ·

PATRICIA J. FRIESINGER, CHRISTOPHER R. CONARD, & SARAH JO SPARKS, Attorneys for Appellee

RONALD J. KOZAR, Attorney for Appellant

· · · · · · · · · · · ·

HUFFMAN, J.

{¶ 1} Justin Gist and Victoria Williams-Gist, who are husband and wife (collectively, "the Gists"), appeal from the trial court's order granting summary judgment in favor of Christine Betz ("Betz") on her complaint for payment on a note and foreclosure of a mortgage. The Gists also appeal from the trial court's denial of their motion for relief from judgment pursuant to Civ.R. 60(B). These appeals have been consolidated.

Because genuine issues of material fact precluded summary judgment as a matter of law, the trial court's entry of summary judgment in favor of Betz is reversed, and the matter is remanded for further proceedings consistent with this opinion. The Gists' appeal from the denial of their motion for relief from judgment is dismissed as moot.

## I. Factual and Procedural History

{¶ 2} Williams-Gist is the record owner of property at 7150 Wilderness Way in Centerville. When the property was damaged by fire, she and Gist hired Betz's son, Tom Betz, to complete fire restoration work at the home. Tom Betz obtained a promissory note from the Gists, payable to his mother and secured by a mortgage, to pay for the repairs. The note provided that payment on the note would begin when "the rehab" of the house was complete. On December 21, 2021, Betz filed a complaint against the Gists, alleging that they had defaulted on the note and seeking to foreclose on the property.

{¶ 3} On January 19, 2022, the Gists filed a pro se "Notice," requesting that the matter be "dropped." The notice included some attachments.

{¶ 4} On March 30, 2022, Betz filed a motion for summary judgment or, in the alternative, a motion for default judgment. On April 28, 2022, the Gists filed pro se correspondence addressed to the trial court, again with multiple photos and documents attached. On May 4, 2022, Betz filed a reply in support of her motion for summary judgment. The trial court granted Betz's motion for summary judgment on June 30, 2022.

{¶ 5} The Gists appealed from the trial court's summary judgment on July 27,

2022. On August 5, 2022, they asked this Court to determine whether the trial court's judgment was a final appealable order due to its silence as to the calculation of interest. Betz opposed this motion. On August 18, 2022, this Court determined that the trial court's order granting summary judgment was a final order.

{¶ 6} On October 17, 2022, the Gists filed a motion to stay their appeal, asserting that they had filed a motion for relief from judgment on the same day. They asked this Court to remand the matter to the trial court for the limited purpose of deciding their motion for relief from judgment.

{¶ 7} On November 4, 2022, we sustained the Gists' motion to stay the appeal from the summary judgment and remanded the matter to the trial court for it to rule on the motion for relief from judgment. On December 16, 2022, the trial court overruled the motion for relief from judgment.

## II. Arguments and Analysis

{¶ 8} The Gists assert two assignments of error on appeal. The first assignment of error is as follows:

> THE TRIAL COURT'S JUNE 30, 2022 "DECISION, ORDER AND ENTRY GRANTING IN FULL PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT" WAS ERROR.

{¶ 9} The Gists assert that the trial court erred in entering summary judgment against them. Some additional background will be helpful to our discussion.

{¶ 10} On December 11, 2020, the Gists executed the note in the amount of $195,000, plus interest at the rate of 10%, and a mortgage to secure the note. Copies

of these documents were attached to the complaint. The note required "monthly payments on the **day that the rehab of the property secured by this Note is complete and on that** day of each month thereafter" in the amount of $1,700, with a late fee of $50 per day. (Emphasis sic.) The note also required the Gists to insure the property for an amount not less than the balance due on the note and to name Betz as a loss payee. Betz alleged in her complaint that the first payment on the note had been due in July 2021 and that the Gists had defaulted on the note. She sought to foreclose the mortgage and sought to recover her costs related to collecting on the note.

{¶ 11} Betz attached an affidavit to her motion for summary judgment in which she averred that she had personal knowledge that Dry Maxx Ohio, Inc., her son's company, had completed the work on the Gists' property in the beginning of July 2021. Thus, the first payment on the note became due at that time. Betz stated that the Gists did not make the first payment in July 2021 and that they made only one monthly payment, on October 9, 2021, in the amount of $1,700. Betz claimed she was owed the principal amount, minus the one payment made, plus unpaid interest in the amount of $14,625 through April 1, 2022, as well as interest that continued to accrue. She averred that accrued late fees totaled $13,450 as of April 1, 2022. Betz stated that the outstanding balance due on the note as of April 1, 2022, was $221,375, and that she had also purchased insurance for the property at a cost of $2,502.65. Various items were attached to Betz's affidavit, including 1) a copy of a certified July 21, 2021 Certificate of Occupancy and Zoning Compliance for the property, which listed Dry Maxx Ohio, Inc. as the applicant; and 2) a proposal of insurance listing the "Trust of Tom Betz" as the insured

and the Wilderness Way address.

{¶ 12} Betz argued that even if the Gists' response to her motion contained competent summary judgment evidence, their arguments were limited to the quality of the work performed by her son, who was not a party, and under the law, these allegations did not justify non-payment of the note. Betz also asserted that the Gists' unsworn documents reflected that they had allowed insurance on the home to lapse and that the occupancy certificate proved completion of the restoration.

{¶ 13} The trial court found that no genuine issues of material fact existed and that Betz was entitled to judgment as a matter of law. The court awarded Betz the outstanding principal sum of $193,000, plus interest and late fees accrued to April 1, 2022, in the amount of $28,075, along with continuing interest, late charges, taxes, insurance and costs until fully paid, including $2,502.65 already paid for insurance.

{¶ 14} The court also found that the mortgage was a valid first lien upon the property, subject only to the lien of the Treasurer. The court concluded that the conditions in the mortgage had been broken and that Betz was entitled to have the equity of redemption and dower interest of all defendants who claimed an interest in the property foreclosed. The court found that Betz was entitled to recover her costs and expenses but not attorney fees. The court granted judgment against the Gists, jointly and severally, in the amount of $223,877.65. The court ordered that if the Gists failed to pay the judgment within three days after its entry, Betz may obtain an order of sale to the Montgomery County Sheriff to appraise, advertise, and sell the property. A final judicial report was filed on July 11, 2022.

{¶ 15} In support of their first assignment of error, the Gists assert that there was nothing in the record identifying the scope of the work to be performed by Tom Betz, how its completion was to be determined, or how the date of completion was to be properly established, thereby triggering payments. They argue that Betz's evidence in support of summary judgment failed to shift the burden of production to them pursuant to Civ.R. 56.

{¶ 16} Betz responds that the certified occupancy permit was a self-authenticating document that established completion of the work and triggered payment on the note, because the home could not be occupied until the permit was issued. Betz contends that the Gists did not dispute the validity of the occupancy permit and that the unsworn evidence they submitted failed to demonstrate a genuine issue of material fact.

{¶ 17} In reply, the Gists argue that Betz's submission of and reliance upon the occupancy permit, without more, did not establish the completion of the restoration and that the trial court should have denied her motion for summary judgment for that reason.

{¶ 18} It is well-settled that:

> Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio

St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996).

Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293, 662 N.E.2d 264; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* The non-moving party has the burden "to produce evidence on any issue for which that party bears the burden of production at trial" and may not rest upon unsworn or unsupported allegations in the pleadings. *Parker v. Bank One, N.A.*, 2d Dist. Montgomery No. 18573, 2001 WL 303284, * 3, citing *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993), *Wing v. Anchor Media, Ltd.*, 59 Ohio St.3d 108, 111, 570 N.E.2d 1095 (1991), and others. Throughout, the evidence must be construed in favor of the nonmoving party. *Dresher* at 293, 662 N.E.2d 264.

*Heard v. Dayton View Commons Homes*, 2018-Ohio-606,106 N.E.3d 327, ¶ 7-8 (2d Dist.).

**{¶ 19}** We review the trial court's ruling on a summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. "De novo review means that this court uses the same standard that the trial court should have

used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. * * *." *Heard* at ¶ 10.

{¶ 20} Having examined the evidence, we agree with the Gists that Betz failed to meet her initial burden of proving that the fire restoration on their home had been completed, thereby triggering their obligation to commence monthly payments on the note. In the absence of such an affirmative showing, Betz failed to shift the burden to the Gists to respond. While Betz averred that her affidavit in support of her motion was based on personal knowledge, it is unclear how she acquired any such knowledge. "Civ.R. 56(E) requires affidavits to be 'made on personal knowledge,' to 'set forth such facts as would be admissible in evidence,' and to 'show affirmatively that the affiant is competent to testify to matters stated in the affidavit.' " *Bank of America, N.A. v. Shailer*, 2d Dist. Montgomery No. 29036, 2021-Ohio-3939, ¶ 16. As the Gists point out in their brief, in *TPI Asset Mgt. v. Conrad-Eiford*, 193 Ohio App.3d 38, 2011-Ohio-1405, 950 N.E.2d 1018 (2d Dist.), this Court reviewed an affidavit that revealed no foundation other than the affiant's own assertion that his testimony was based on " 'my own personal knowledge' " and that he was " 'competent to testify to same.' " *Id.* at ¶ 21. We concluded that the affidavit "fail[ed] to portray any basis" other than his own assertion, that he had the required personal knowledge, and we found that his "bare assertion" that the facts related in his affidavit were true did not support a finding that they were true. *Id.* at ¶ 23.

{¶ 21} We conclude that the same is true of Betz's affidavit: her affidavit failed to show that she was competent to testify to the matters stated in the affidavit. Betz

provided no evidence of the full scope or the specific particulars of the restoration from which the trial court could have concluded that her affidavit was based upon personal knowledge. She did not aver that she had viewed, much less evaluated, the restoration herself, or that she had any expertise or experience in such an evaluation to support her conclusion that the work had been completed, thereby triggering the Gists' obligation to begin payments. Betz did not present any evidence regarding the conditions precedent to the triggering of the payment provision of the note or any evidence demonstrating that the terms of the note which required payment to commence had been satisfied. As to Betz's arguments that the Gists merely complained about the *quality* of the allegedly completed restoration, which Betz claimed had no effect on their obligation to pay, we note that, in general terms, substandard work is by definition incomplete, without specifically commenting on the work performed on the Gists' house by Tom Betz.

{¶ 22} Along with her conclusory statements, Betz relied on the occupancy certificate to suggest that the restoration work required to trigger payments on the note had been satisfied. Betz argued that the certificate alone established completion of the project. We disagree. An occupancy certificate does not equate to completion of restoration work. In light of Betz's conclusory affidavit which failed to demonstrate that it was based upon personal knowledge, genuine issues of material fact remained which precluded summary judgment.

{¶ 23} Finally, as noted above, the trial court imposed late fees of $50 per day pursuant to the terms of the note. Upon remand, the trial court should determine if the late-fee provision, under the circumstances herein, was in the nature of a disproportionate

penalty to coerce the Gists' payments on the note upon Betz's unsupported conclusion that the restoration was complete. *See Pacetti's Apothecary, Inc. v. Rebound Bracing and Pain Solutions, LLC.*, 2d Dist. Greene No. 2022-CA-28, 2023-Ohio-93, ¶ 20 (" 'A penalty is designed to coerce performance by punishing nonperformance; its principal object is not compensation for the losses suffered by the nonbreaching party.' " (Citations omitted.))

**{¶ 24}** The first assignment of error is sustained.

**{¶ 25}** The Gists' second assignment of error asserts that the trial court erred in denying their motion for relief from judgment. In light of our disposition of the first assignment of error, we need not address this issue.

### III.    Conclusion

**{¶ 26}** Because we find that, construing the evidence most strongly in favor of the Gists, genuine issues of material fact exist for trial, the Gists' first assignment of error is sustained. The trial court's judgment entering summary judgment in favor of Betz is reversed, and the matter is remanded for further proceedings consistent with this opinion. The Gists' appeal from the denial of their motion for relief from judgment is dismissed as moot.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.